"Wheeleb, J.
Burch was indicted under the statute for a violation of the law requiring the payment of license tax. 9 Stat. 95, 96,107.
The offense is charged in the indictment in these words: “That Nelson Burch, of the county of Bastrop, in the county aforesaid, a retailer of merchandise, who vends spirituous liquors in quantities of a quart and over, did, on the first day of September in the year of our Lord, one thousand eight hundred and forty-five, in the county afore *(427) said, vend spirituous liquors in a quantity of a quart and over without license first had and obtained.”
There was a demurrer to the indictment overruled, and the defendant “failing to mate any further plea,” judgment final was pronounced against him. But the judge, doubting as to the law of the case, reserved and certified it to this court for revision.
It is never necessary in an indictment to aver all the facts and circumstances attending the transaction with the greatest possible certainty, for that might render the law nugatory by requiring a, particularity of proof which could seldom or never be attained. Yet the facts constituting the offense ought to be averred with all convenient and reasonable certainty. The extent and reason of the rule were considered briefly in Bush v. The Republic, lately decided, and need not be repeated. It will generally be sufficient if the indictment follow the exact words of the statute in describing the offense, and it is never safe to depart from them. But where the statute uses a generic term, it is not enough to employ that term only, but the pleader must also state the species according to the truth of the case. Arch. Cr. Pl. 48. Or where general expressions are used in the statute, it is not enough to employ those general words only, but the facts intended to be included and forbidden by them must also be specified. Where a statute, for instance, makes the malicious killing of eattle a felony, it is not enough in an indictment on the statute to charge the defendant with killing “ cattle ” generally, but the particular species of cattle must be stated. And where a statute makes it a crime for any person by any false pretense to obtain from another any money, etc., with intent to cheat or defraud any person, it is not sufficient to charge the offender with being guilty of “ false pi’etenses ” generally, but the particular pretenses must be set forth, according to the truth of the case, and also that the money, etc., obtained was the property of the person whom it was intended to defraud; who that person was, and from whom the money was so obtained. Id. 48, 275, 279, and authorities cited. We think the present indictment comes within reason of the rule, and the facts relied on, as constituting a violation of the law, ought to be specially averred; but it is not sufficient to aver generally that the defendant “ did vend spirituous liquors in a quantity of a quart and over ” without stating at what house or establishment or to whom the vending took place, or some other fact tending to identify the transaction; and that, though the objection may not have been available in arrest of judgment, yet it was fatal to the indictment on demurrer. Id. 49.
As the defendant cannot again be put upon trial or indicted for *(428) this offense, it having been barred by lapse of time, it is not essential to consider the other questions presented by the record. "We are of opinion that the case reserved be remanded, with instructions that the judgment be set aside and the demurrer sustained.