JOHN S. LEWELLEN v. THE STATE.

An indictment for betting on an election, which does not state the time, when
the election was to be held, is bad.

Where two persons were jointly indicted for betting upon an election, this
Court said, If it was intended to charge the defendants with having made a
wager together, it would seem it should have been so averred ; if with hav-
ing jointly made a wager with some other person, it should have been stated
with whom ; or if with some one to the jurors unknown, it should have been
so charged.

It would seem that several offenders, in some cases, may be included in the
same indictment, for different offences of the same kind, the word separately
being inserted, which makes it several as to each of them ; though it is said,
the Court will, in its discretion, quash the indictment, if any material incon-
venience appear to arise from preferring the charge in that mode.

Appeal from Fayette. Tried below before the Hon. Thomas
H. DuVal.

Indictment as follows : That John S. Lewellen and one M.
Kee, whose christian name is unknown to the Grand Jurors,
late of Fayette county aforesaid, Yeoman, with force and arms

in the county aforesaid, on the first day of August, A. D., one thousand eight hundred and fifty-four, did then and there bet money upon the result of an election ordered and held in Fayette county, according to law, for the election of a Clerk of the District Court of Fayette county in the State of Texas, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State.

Plea of abatement of Henry McKee, for misnomer, he being the person arrested under the charge in the indictment against M. Kee, sustained, and indictment quashed as to him.

Motion by defendant Lewellen, to quash the indictment, on the following grounds :

1st. Because the indictment charges this defendant and M. Kee with betting on an election, and the same has been quashed as to said Kee upon a plea of misnomer.

2d. Because there is no offence charged in the indictment.

3d. Because the charge is too vague and indefinite to sustain a prosecution.

Motion overruled. Verdict of guilty and fine assessed at $100.

*H. G. Webb*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The indictment is insufficient in that it does not state the day on which the election was holden. In other respects it does not conform to precedent. If it was intended to charge the defendants with having made a wager together, it would seem it should have been so averred ; if with having jointly made a wager with some other person, it should have been stated with whom ; or if with some one to the jurors unknown, it should have been so charged. (Precedents of Indts. by Wharton.) The facts constituting the offence ought to be

stated with such certainty as to apprise the accused of the particular charge which is preferred against him, in order that he may come prepared to answer to the accusation.

The present is wanting in the requisite certainty. It might and ought to have been more specific in stating the facts constituting the particular violation of the law, which was the ground of the charge. Besides the omission to state the time of holding the election, it does not certainly appear whether it was intended to charge the defendants with having made a wager together, or with some other person ; or whether it was intended to charge them with having jointly or severally violated the law. If the former, the proof does not sustain the charge, and did not warrant the conviction. If the latter, the conviction cannot be maintained, because it is not so charged in the indictment. Several offenders, in some cases, may be included in the same indictment for different offences of the same kind, the word separately being inserted, which makes it several as to each of them ; though, it is said, the Court will in its discretion quash the indictment, if any material inconvenience appear to arise from preferring the charge in that mode. (Whart. Am. Cr. L. 156, Precedents, p. 5, notes.) It seems from the evidence, that the conviction was for a several offence. But it is not charged as such in the indictment. We are of opinion that the indictment is insufficient, and that the judgment be reversed and the cause remanded for further proceedings.

Reversed and remanded.