## S. ALEXANDER v. THE STATE.

Article 395 of the Code of Criminal Procedure declares, that an indictment must describe the offense in plain and intelligible words. (Paschal's Dig., Art. 2863, div. 7.) This means, that the accused must be charged to have done some act which violates a law, and the particular facts must be set out with certainty.

The certainty required in an indictment is such as will enable the accused to plead the judgment that might be given upon it in bar of any prosecution for the same offense. (Paschal's Dig., Art. 2865, Note 722.)

It is not sufficient to aver that the defendant did sell liquors in quantities less than a quart, without obtaining a license therefor; but it must be stated at whose house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction. (Paschal's Dig., Art. 2075, Note 654.)

APPEAL from Fayette. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

The indictment charged that S. Alexander, &c., &c., "did sell spirituous liquors in less quantities than one quart, without then and there having a license to do so." The defendant moved to quash the indictment, which motion was overruled, and the defendant was convicted and appealed. As the case turned upon the sufficiency of the indictment, it is useless to further notice the record.

*F. L. Price*, for the appellant, argued the case upon the merits.

*M. D. Graham, Attorney General*, filed a brief for the State.

BELL, J.—The exception to the indictment, because it does not allege to whom the liquor was sold, ought to have been sustained by the court below. One of the requisites of an indictment is, that "the offense must be set forth in plain and intelligible words." This does not mean merely that the indictment must allege that the party accused has done some act which is an offense against the laws, nor does it mean that it is enough to say in an indictment that the accused committed a murder, or an assault, or stole a horse, or the like. There must be some particularity, or what the law calls certainty, in an indictment. The particular act of which the state complains must be set forth in plain and intelligible words, so that the party who is accused may know what he will be called upon to answer, and may be able to prepare for his defense.

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

Courts have found difficulty in applying the rule to particular cases, but the difficulties of its application can in no case dispense with at least a reasonable degree of certainty

in the averment of the facts which are relied on as constituting the violation of the law which is complained of. In the case of Birch v. The Republic, 1 Tex., 608, which was a case like the present, this court said: "It is not sufficient to aver generally that the defendant did vend spirituous liquors in a quantity of a quart and over," without stating at whose house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction."

This is the true principle of the certainty that is required. "The transaction" of which the party is accused must be identified with reasonable certainty. The indictment, in a case like the present, should name the person to whom the liquor was sold; or if the name of the person to whom the liquor was sold was unknown to the grand jurors, then other circumstances, tending to identify the transaction, should be alleged, so that the accused may know what he will be called upon to answer, and so that, in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense. (See the case of the State v. Hansen, 23 Tex., 232.)

The judgment of the court below is reversed, and the cause

DISMISSED.