ELI HOLTZCLAW V. THE STATE.

The occupation by a renter of the lower story of a house as a store does not give the character of a public place, within the meaning of Article 410 of the Penal Code, to a room in the upper story not within the control of the renter nor connected with his store room, nor used for any of the purposes of the store.

It was error to charge the jury in such a manner as to authorize them to convict the defendant on a presumption which did not arise either from the law or the facts of the case.

APPEAL from Fayette. Tried below before the Hon. G. W. Smith.

The facts sufficiently appear in the opinion of the court.

*Lindley, Tate* and *Shropshire,* for the appellant.

*Attorney-General,* for the appellee.

MOORE, J. There were two counts in the indictment. In the first, appellant was charged with playing at a game with cards, "in a certain store house which was then and there occupied by one E. S. Cochran." And in the second, that he " did play at a game with cards in a certain room over E. S. Cochran's grocery." The playing was shown to have taken place in an unoccupied room in the second story of a building, in one room of the lower story of which Cochran kept a family grocery and provision store. There was no connection shown between the room occupied by Cochran and that in which the playing occurred. The contrary seems to have been the fact. The entrance to the rooms in the upper story was by an outside flight of stairs. The witness for the State testified that the building was owned by a third party, and that it was "his understanding that the room in which appellant played was not rented by any one." It was not pretended that the room was a public place, unless the partial occupation of the building by Cochran as a grocery store gave it this character. It cannot be said that it did, if it was in no way connected with or

Holtzclaw v. The State.

used for any of the purposes of the store. The court below, however, instructed the jury that "a house included all the rooms of which it is composed, from the cellar to the garrett, inclusive," and "if it be shown that Cochran occupied a room as a store house, he would be presumed to have the control of all the rooms of the house, and you should so hold until the defendant shows the contrary, and that Cochran had no control of the room in which the playing took place." The language of the first part of the charge received the sanction of this court, upon an indictment under the statute in force previous to the enactment of the Penal Code. Though the principle then enunciated may have been entirely sound, the former statute having been materially modified by article 410 of the code, it could hardly be said to be applicable to the present case, but on the contrary was calculated to mislead the jury. And the latter part of the charge was with reference to the testimony, altogether inapplicable, and authorized the jury to find appellant guilty, on a presumption that did not arise from either the law or facts of the case.

Because the charge of the court was erroneous, the judgment is reversed, and the cause remanded.

Reversed and remanded.