## J. SMITH v. THE STATE.

No principle of law is better settled than that an indictment includes not only the particular grade of the offense specifically charged in it, but also all inferior grades of the same offense ; wherefore, a conviction for a simple assault, though found on an indictment for an aggravated assault, is strictly correct.

APPEAL from Hopkins.  Tried below before the Hon. C. C. Binkley.

The indictment charged an "aggravated assault with

a certain pistol, being a deadly weapon, loaded," etc. The verdict was : " We, the jury, find the defendant guilty, and assess the punishment at fifty dollars."

Motions in arrest and for a new trial were made and overruled.

*J. P. Hill, Loving, Banks, W. H. Johnson,* and *Christian,* for the appellant.—The bill of indictment in this case charges the defendant with either an aggravated assault, or an assault with intent to kill and murder. There is not a remote allusion to any fact in said bill, from which to conclude that the defendant could have been guilty of a simple assault, or assault and battery. The verdict of the jury is in these words : " We, the jury, find the defendant guilty, and assess the punishment at fifty dollars." Guilty of what? we ask. The points raised are, that the verdict of the jury does not warrant the judgment against the defendant.

The defendant was found guilty, as we infer from the punishment assessed, of a simple assault ; if this be so, then we submit that the verdict was wrong, and does not support the judgment, as no such issue as the verdict would indicate was submitted to the jury.

The issue submitted to the jury must be determined by a reference to the indictment and appellant's plea. We contend that the indictment does not embrace or include a simple assault, or assault and battery (the court will observe that no battery is charged), but charges in express terms an aggravated assault. The point raised here and relied on is, that a simple assault and an aggravated assault are different and distinct offenses under our Penal Code. (See Paschal's Digest, Arts. 2137, 2150.) And though it is possible that an indictment might be, and frequently is, so framed as to include both a simple and an aggravated assault, yet,

we submit, that in this case the idea of a simple assault is wholly excluded.

The charge in this case, in express terms, is an aggravated assault with a pistol, the same being a deadly weapon, etc., and is not an assault attended with aggravated circumstances. While the latter charge might include a simple assault, the former clearly excludes the idea of simple assault. (See Foster v. The State, 27 Texas, 236 ; Pas. Dig., Arts. 2137, 2142, 2149, 2150 and 2863 ; Pinson v. State, 23 Texas, 579 ; State of Texas v. Lutterloh, 22 Texas, 210 ; Pas. Dig., note 720, and authorities there referred to.)

If we are are correct in the views taken, then the verdict is practically in favor of the appellant, and the court below should have sustained the motion in arrest of judgment. (See Jones v. State, 13 Texas, 168.) The finding by a jury against a defendant for a minor offense, when several issues are properly submitted, is a finding in his favor for all major offenses charged. (Id.)

The authorities submitted we think conclusive, and submit the case.

*William Alexander, Attorney General,* for the State.

WALKER, J.—The indictment charged the defendant with an aggravated assault. The jury found him guilty of a simple assault, and fined him fifty dollars. Had the indictment charged a simple assault, the jury could not have found him guilty of an aggravated assault. There is no principle of the law better settled than that an indictment which charges an offense of a higher grade includes the charge of all the inferior grades of the same offense.

The finding of the jury was correct, and so was the judgment of the court, and the same is affirmed.

AFFIRMED.