WILLIAM JOHNSON v. THE STATE.

1. In an indictment for playing at cards, under Article 409 of the Penal Code, it is not necessary to charge with whom the defendant played.
2. The prosecution having proved the ownership of the house in which the gaming took place, as charged in the indictment, and that it was of that public character which brings it within the class of places where card-playing is prohibited, the State had made out this branch of its case, and it then devolved upon the defendant to establish his defense.

APPEAL from Caldwell. Tried below before the Hon Henry Maney.

The facts of the case are sufficiently stated in the opinion of the court.

*L. J. Storey*, for appellant.

*William Alexander, Attorney-General*, for the State.

WALKER, J.   At the January term for the year 1872, Johnson was indicted for playing at a game of cards in a house kept by Garner and Anderson, for the retail of spirituous liquors, in a room over the bar-room of said Garner and Anderson.   He was tried and convicted, and fined ten dollars.

The errors assigned are :

*First.* For overruling the motion to quash the indictment.

*Second.* For refusing instructions to the jury.

*Third.* Error in the charge of the court.

*Fourth.* In overruling a motion for a new trial.

The indictment is almost in the words of the statute, Article 409 of the Penal Code : " If any person shall play at any game " with cards at any house for retailing spirituous liquors, store- " house, tavern, inn, or any other public house, or in any " street, highway, or any public place, or in any out-house, " where people resort, he shall be fined not less than ten dol- " lars, nor more than twenty-five dollars."

The indictment is certainly good, under this clause of the statute. It does not charge with whom, if with any person, the defendant played; nor does the statute seem to require such an allegation. This case of Lewellen v. The State, 18 Texas, 538, and the case of the State v. Roderica, decided at the present term, both differ materially from the case at bar. In the latter case, we somewhat reluctantly followed that which appears rather as a dictum than a necessary part in the opinion of the former, and we are not without doubt as to the correctness of those decisions; but we will certainly follow those cases no farther than the principle decided necessarily carries us.

This case differs from the former two. In Lewellen v. The State, the indictment was against two persons, for betting on an election, under Article 421, Penal Code. The question was whether they were properly indicted in the same bill. If the indictment charged them with participating in the same act, they were not properly indicted together, for it was not so stated; and they were not charged with several offenses. Such an indictment would doubtless be bad, and this was the only question properly before the court in that case.

The case of the State v. Roderica, falls within the rule in that case. Two persons were indicted together under Article 409 of the Penal Code, but it did not appear from the indictment whether the charge against them was for the same, or for different offenses. The charge refused by the court had been substantially given in the main charge, and the defendant suffered nothing by its refusal.

In support of the objection to the charge as given by the court, we are referred to Holtzclaw v. The State, 26 Texas, 682. We think the authority does not apply to this case. Anderson and Garner owned the whole house. The lower story was their drinking establishment, and we think it made no difference, they owning the house, whether Melrose had temporary control of the upper room or not.

It is complained that the charge of the court improperly

places the burthen of proof on the defendant, when it should lie upon the State to make out a material allegation in the indictment. We think the fact was material only to the defense, and it was properly incumbent upon the defendant to prove it.

When the State had proved that Anderson and Garner were owners of the building, and that it was of that public character which brings it within the class of places where card-playing is prohibited, she had made out this branch of her case, and the proof of any fact given in defense of this hypothesis, was properly on the defendant.

We think the court ruled properly in refusing a new trial in this case, and the judgment is therefore affirmed.

Affirmed.