## JAMES GALBREATH AND OTHERS v. THE STATE.

1. A joint indictment against two or more persons for gaming at cards, must charge the defendants with playing together.
2. On the trial of an indictment for playing at cards in a house used for re-tailing spirituous liquors, it was proved that a portion of the house was rented for the purpose of retailing spirituous liquors, but that the room in which the playing took place was rented by another party, and was disconnected from the room where the liquor was sold. *Held,* that a conviction was not warranted by the evidence.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

There is no occasion for a statement of the facts.

*J. H. Burts,* for appellants.

*William Alexander, Attorney-General,* for the State.

OGDEN, J. Under the authority of Lewellen v. The State, 18 Texas, 538, and of The State v. Jason Wilson, decided at this

term of the court, we must hold that.the indictment in this case is fatally defective, because it does not charge that the defendants played *together* at a game with cards.

And under the authority of Robinson *v.* The State, 24 Texas, 154, we must also hold that the proof in this case fails to establish the fact that the playing took place in a house used for retailing spirituous liquors. It appears that a portion of the house was rented for the purpose of retailing spirituous liquors, while the room in which the playing took place was rented by another party, and wholly disconnected with and independent of the room where the liquor was sold.

The judgment is reversed and the case dismissed.

Reversed and dismissed.