## THE STATE v. JAMES A. SHULT.

1. INDICTMENT FOR PLAYING AT CARDS.—Indictment for playing "a game of cards" held a sufficient allegation of playing "a game with cards."

2. An indictment against a single party for playing at a game with cards need not aver that the accused played with any other party.

APPEAL from Marion. Tried below before the Hon. James H. Rogers.

James A. Shult was indicted for playing "at a certain game of cards at a public house, to wit, in a room situated over and attached to the storehouse of Sebolds & Floyd, in the city of Jefferson, in said county, the said room being then and there a gaming house."

The indictment being quashed, the State appealed.

*G. W. Smith,* for the State.

*Mason & Campbell,* for appellee.

MOORE, ASSOCIATE JUSTICE.—The objection that the indictment charges appellee with playing "a game of cards" instead of "a game with cards," presents a question of grammatical accuracy rather than one of law entitled to serious consideration. Words or phrases such as these "are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." (Criminal Code, sec. 28.) Doing this there certainly can be no doubt as to the meaning of the words used in the indictment. Nor, indeed, is a similar use of them without judicial precedent. (The State *v.* Mansker, 36 Tex., 365; Johnson *v.* The State, 36 Tex., 198.)

The second objection to the indictment is equally untenable. It has been held by this court, when an indict-

ment charges two or more persons with playing at a game with cards, it should also charge that they played with each other or some other person. (State v. Roderica. 35 Tex., 507; Galbreath v. State, 36 Tex., 201; Herron v. The State, 36 Tex., 285.)

This seems to be upon the ground that separate and distinct misdemeanors by different parties, if of the same character, may be joined in one indictment; but if this is done, it should so appear from the indictment. (Lewellen v. The State, 18 Tex., 538; Parker v. The State, 26 Tex., 204.) But when the indictment is against a single party for the offense charged in this case, it has been expressly decided that it is not necessary to allege that the defendant played with any one. (Johnson v. The State, 36 Tex., 198; Smith v. The State, 35 Tex., 500.)

For the error of the court in sustaining the exceptions to the indictment the judgment is reversed.

REVERSED.