## OLIVER LAMKIN v. THE STATE.

INDICTMENT—THEFT FROM A HOUSE. In an indictment for theft from a house the house should be described, by mentioning its owner, its occupant, or some other description by which it could be identified.

APPEAL from Gonzales. Tried below before the Hon. John P. White.

*Miller & Sayers*, for appellant, cited Jordt v. The State, 31 Texas, 571; Banks v. The State, 28 Texas, 647; Alexander v. The State, 29 Texas, 495; Rex v. Thompson, 1 Leach (4th ed.), 338; 2 East's Pleas of the Crown, 644; Commonwealth v. Hartnett, 3 Gray, 450; The State v. Chambers, 6 Ala., 855; United States v. Pearce, 2 McLean, 14; Bump v. Commonwealth, 8 Met., 533; The State v. Cheatwood, 2 Hill, S. C. R., 459; Murphy v. The State, 1 Indiana, 366; Rex v. Stover, 1 Leach (4th ed.), 334.

*Kittrell*, for the State.

REEVES, J.—The indictment charges the appellant with the theft of "two shoes," alleging that a description of the shoes

was unknown to the grand jury, of the value of one dollar each, and that they were taken from the possession of Hugh W. Munroe and Z. B. Hagins, holding possession for the owner, Barry G. Anderson, and from a house in the town of Gonzales, a description and the owner of which was unknown to the grand jurors.

The defendant being convicted by the jury, moved in arrest of judgment, assigning as causes:

*First.* Because the indictment does not describe the offense with sufficient certainty in this: it does not describe the house from which the two shoes are alleged to have been stolen, nor who occupied the house. It does not show that the house was not vacant or occupied by defendant himself.

*Second.* The indictment does not describe the shoes, nor allege that they are personal property.

*Third.* It does not charge that the shoes were taken from the possession of any one holding them for the owner.

*Fourth.* The indictment does not charge any offense in plain and intelligible words, but is vague, uncertain, and defective.

The terms used to designate the property stolen should be such as to show that the thing was a subject of larceny, and to enable the jury to decide that the property proven to have been stolen is the same as that described in the indictment. To follow the usual form of an indictment in cases like the present, the articles would be described as two pairs of shoes. Descriptions, however, such as the following, have been held as sufficient: " One bolt of domestic;" " One sheep;" " A parcel of oats;" " One hide;" " A ham." These examples would support the present indictment, though such forms are not to be commended.

The name of the owner of the house, or who occupied it, or some description of the building, should have been averred in the indictment. On this ground the motion in arrest of the judgment should have been sustained. It was not sufficient to state that the house was in the town of Gonzales. If the name

of the owner was unknown to the grand jury, the name of the occupant might have been given ; or, if not occupied, the fact should have been averred, with such allegations descriptive of the house as would identify it.  A house in the town of Gonzales, where the jurors were holding their sessions, admitted of further designation than that contained in the indictment. If the evidence before the grand jury did not furnish the information, it might have been obtained from other sources and brought before them.

The place where the offense was committed entered into the punishment, and the name of the owner or occupant, or some certain description of it, should have been given in the indictment.  In burglary and arson, the indictment must show the name of the owner or occupant of the house, if known, or give some description of the place.  In the case of Alexander v. The State (29 Texas, 495), charging the defendant with selling liquor without a license, it was held that the indictment must aver at whose house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction.  The rule is applicable to the charge for stealing from a house.

Theft from a house differs from theft from the person, and both differ from simple theft in the circumstances under which the act is committed, and in the degree of the punishment attached to the offense.  And hence the facts and circumstances constituting the offense must be averred, and the averment must be made with sufficient certainty to designate the place, and enable the defendant to plead the judgment in bar of a second prosecution.  It would hardly be contended that the name of the person robbed, if known, could be omitted in charging robbery or theft from the person.  It is a question of identity, and, as such, it applies not only to the name of the person robbed, where that is the charge, but also applies to the name of the owner of the house or the party in possession, where theft from a house is the charge.  To constitute the offense of stealing property from a house, the property must be

Statement of the case.

under the protection of the house as a place of custody and security, as distinguished from theft of property in the personal possession of some one having its custody, and not protected by a house.

We are of opinion that the indictment is defective in not showing the name of the owner of the house, or who was in possession of it, or averring facts to identify the place, and that the motion in arrest of the judgment should have been sustained.

The judgment is reversed and case remanded.

Reversed and remanded.