# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1877.

### E. HARCROW v. THE STATE.

GAMING—EVIDENCE.—A conviction for playing cards at "a house for retailing spirituous liquors." was had on evidence that the playing was done in a house which was on the same town lot with a drinking saloon, but nowise connected with the saloon, or controlled by its keeper, and which was accessible to the public otherwise than through the saloon. *Held*, that the evidence does not sustain the conviction, and it was error to refuse a new trial.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST.

The lot was in the town of Groesbeck.

*Frisbie & Farrar*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Appellant was indicted, under Article 2044, Paschal's Digest, for playing "at a game with cards at a house for retailing spirituous liquors." The evidence shows that the house in which the playing took place, while it was situate upon the same lot with an establishment used for retailing spirituous liquors, was yet in noway a part of the latter, or connected with it. It was over forty feet distant from the liquor saloon, was not rented or controlled by the proprietor of the saloon, and was accessible to the public without the necessity of going through the saloon. The evidence fails to establish the charge in the indictment. *Holtzclaw* v. *The State*, 26 Texas, 682. See, also, *Robin-*

son v. *The State*, 24 Texas, 154, and *Galbreath* v. *The State*, 36 Texas, 200.

The court erred in overruling the motion for a new trial, which was based in part upon the ground that the verdict was contrary to the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*