## C. Reeves v. The State.

1. BURGLARY — INDICTMENT. — The intent being of the essence of the offence of burglary, and a fact which is to be proved by the State, it should be expressly alleged in an indictment for that offence.

2. HEARSAY EVIDENCE is none the less incompetent because no other or better evidence is possibly to be found or obtained.

APPEAL from the District Court of Rusk.    Tried below before the Hon. A. J. BOOTY.

After laying time and venue, the indictment alleged that the defendant did, " between the hours of ten and twelve o'clock on the night of said day, forcibly enter the dwelling-house of one J. M. Barton, then and there situate, and, after the forcible entry of said dwelling-house as aforesaid, the said Columbus Reeves, *alias* Columbus Reel, did then

and there fraudulently and feloniously take, steal, and carry away from and out of said house, and out of the possession of one Virgil Barton, sleeping therein, one coat, one vest, one pair of pants, and one shawl, the same being corporeal personal property of the value of thirty dollars, and the property of the said Virgil Barton, without his consent, and with the unlawful intent to deprive the owner of the value of the same, and to appropriate said coat, vest, pants, and shawl to the use and benefit of him," etc.

The opinion shows the other facts pertinent to the rulings.

. No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK. J.   The indictment in this case is for burglary, and fails to charge the breaking and entry to have been made with intent to commit a felony or the crime of theft ; but, after alleging the entry, charges the perpetration of theft, in the language of the statute.   At common law, and in some of the States, this mode of pleading has been held permissible.   Whart. Cr. Law, sect. 1613 ; 2 Bishop's Cr. Law, sect. 115 ; 2 Bishop's Cr. Proc., sect. 148 ; 2 Archb. Cr. Pr. 329, 332 ; *The Commonwealth* v. *Brown*, 3 Rawle, 207 ; *Jones* v. *The State*, 11 N. H. 269 ; *The State* v. *Bartlett*, 55 Me. 200.   It is noticeable, however, that some of these authorities sustain the rule with reluctance, and hold that the practice of drawing indictments in this form is not to be commended ; while the courts of other States hold adversely to the sufficiency of such indictments.   *The State* v. *Eaton*, 3 Harr. (Del) 554 ; *The State* v. *Lockhart*, 24 Ga. 420.

No case has been found in the reports of our own State in which this exact point has been presented and adjudicated, and we feel authorized, therefore, to establish that rule

which commends itself to us as best supported upon principle.

The intent in burglary is of the essence of the offence, and must be proved like any other substantive fact; not, indeed, by express and positive testimony, but by the best evidence of which the case is susceptible. Proof of the intent being essential, the rules of good pleading would seem to require that it should be alleged, not inferentially, but by direct averment, in order that the offence, in all its substantive parts, may be set forth in plain and intelligible words; and such seems to be required by statute. Pasc. Dig., art. 2866. Our statute is positive in requiring every thing to be stated in an indictment which it is necessary to prove (Rev. Code Cr. Proc., art. 421), which is believed to be an enunciation of the law as it existed before. The facts constituting the offence ought to be stated with such certainty as to apprise the accused of the particular charge which is preferred against him, in order that he may come prepared to answer the accusation. *Lewellen* v. *The State*, 18 Texas, 538. Without an allegation of intent, the charge in the indictment in this case is susceptible of construction as a charge for theft alone, committed under circumstances tending to indicate that the theft was perpetrated after a forcible entry into a dwelling-house in the night-time; and there is a failure to aver, except by inference, that such entrance was without the consent of the owner. It is not even alleged that the entry was felonious or burglarious, or even unlawful. To sanction such looseness in criminal pleading would be a departure from plainly established principle, and in violation of express statutory provision. The exceptions to the indictment should have been sustained.

On the trial of the case the witness Virgil Barton was permitted to testify, over the objection of defendant's counsel, that on the night the burglary was perpetrated in the house of his father, J. M. Barton, this witness was sleeping there,

and, hearing a noise, he ran to an open window, in which his father was sitting, and asked what was the matter ; to which his father replied that he had seen some one in the window, and, upon being further interrogated by the witness, stated that it was the defendant. Witness saw no one, although the night was not dark. Apart from the fact that certain portions of the stolen property were traced to the possession of the defendant, this was the only testimony tending to connect him with the offence.

It is inferred from the record that this evidence was admitted because J. M. Barton was very ill and could not attend court ; but we know of no authority which sanctions the ruling, or which authorizes the admission of such testimony under any of the exceptions to the admissibility of hearsay or second-hand evidence. The statement of J. M. Barton to the witness was after the offence was committed, and could not be held as a part of the *res gestæ*, being a narrative of an occurrence already past. The rule excluding hearsay evidence applies with full force notwithstanding no better evidence is to be found, and though it be certain, if the account is rejected, that no other can possibly be obtained. 1 Ph. on Ev. 214.

Because of error of the court in overruling defendant's exceptions to the indictment, and in admitting the testimony of the witness complained of, the judgment is reversed and the cause remanded.

*Reversed and remanded.*