[No. 1188.]

WALTER WATSON v. THE STATE.

1. INDICTMENT for playing cards at a house used for the purpose of retailing spirituous liquors, need not allege that such house is a public place.
2. EVIDENCE that the cards were played in an upstairs room over a room used for retailing spirituous liquors, which upstairs room was used as a private bedroom, and was in no way used in connection with the business conducted in the lower room, and to which the only means of ingress or egress were by stairways outside of the building, will not sustain a conviction for playing cards at a house used for retailing spirituous liquors. See statement of the case for a charge of the court on the subject, held erroneous.

APPEAL from the District Court of Nacogdoches. Tried below before the Hon. P. F. Edwards.

The indictment charged that appellant played at a game of cards at a house used for the purpose of retailing spirituous liquors, known as the Old Stone Fort, in the town of Nacogdoches, Nacogdoches county, Texas, on the seventh .day of March, 1881. His trial resulted in his conviction, and his punishment was assessed at a fine of twenty-five dollars. The opinion discloses the evidence on the material question involved.

The instructions of the court which are held erroneous, are as follows:

"Playing cards in any room in a building used for retailing spirituous liquors is equally an offense, whether the game was played in the portion of the house used for retailing liquor or not, and whether the whole house was used for retailing liquor or not. The fact that liquor is retailed in any part of the house makes each room in the entire building an unlawful place to play cards. If, then, the testimony satisfies you beyond a reasonable doubt that the defendant did, at any time within two years before the eleventh of March, 1881, play at a game with cards, at a house in the town of Nacogdoches, and county of Nacogdoches, commonly known as the 'Old Stone Fort,' and that the said house, at the time of said playing, was a house for retailing spirituous liquors, you will find the defendant guilty," etc.

The motion for new trial assailed the charge of the court and the verdict as contrary to the law and the evidence.

*T. R. Jennings*, for appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted for playing cards at a house for the purpose of retailing spirituous liquors. The defendant moved to quash the indictment because it did not allege that the house was a public place. The court overruled the motion, and defendant assigns this as error. This indictment is perfectly good in every particular. It is in the exact language of the statute.

The defendant moved for a new trial upon the ground that the evidence failed to support the charge contained in the indictment. The charge is that defendant played cards at a house for retailing spirituous liquors. This charge must be established by the evidence. The proof showed that the playing took place in one of the upper rooms of the old Stone Fort, situated in the

K

town of Nacogdoches.   That the basement room of said old Stone Fort was used for retailing spirituous liquors.   That the upper room was the private bedroom of one of the clerks employed in the retail establishment.   That the means of ingress and egress to the upper room were steps ascending from the street at the east and west ends of the Stone Fort building.   That the lower rooms of said building had no connection with the upper rooms, save by the stairway ascending from the street on the outside of the same.   The upper room was not in any manner used as a place for retailing liquors, nor for storing goods belonging to the retail establishment.

Do these facts support the charge?   Most evidently they do not.   It was held in this state, under a former statute, that houses included all rooms from the cellar to the garret, regardless of approaches.   (*Cole* v. *The State*, 9 Texas, 42; *Penn* v. *The State*, 12 Texas, 210; *McGoffey* v. *The State*, 4 Texas, 156.)   This, however, has never been held under the present statute.   (*Holtzclaw* v. *The State*, 26 Texas, 682.)

If the upper room had been in any manner connected with, or used for the purposes of the store, that is, so used as to give to it the character of a house for retailing spirituous liquors, then in that event it would have come within the prohibition of the statute ; otherwise it would not.   (*Holtzclaw* v. *The State*, 26 Texas, 682.)   The charge of the court no doubt was inspired by the rule in *Cole* v. *The State*, 9 Texas, 42.   This rule, as there stated, is not now the law, hence the charge is wrong.   The charge being erroneous and the proof failing to support the charge in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 11, 1882.