[No. 1677.]

## FRANK MANSFIELD v. THE STATE.

1. OCCUPATION TAX — SALE OF INTOXICATING LIQUORS.— INDICTMENT charged that "on the 25th day of December, 1883, the defendant followed the occupation of selling spirituous liquors in quantities less than one quart, without obtaining license therefor, and without paying the amount of taxes due the State and county, the amount of said taxes then and there due being," etc. It was objected to the indictment that it failed to allege the year in which the defendant followed the said occupation, and the year for which he failed to pay his occupation tax. *Held,* that the allegation as to time is sufficient, the indictment alleging the date that the defendant followed the occupation, and that at said date the State and county taxes in a certain amount were due.

2. SAME — STATUTES CONSTRUED — CASES DISTINGUISHED.— The act of March 26, 1881, prescribing forms of indictments, having been repealed, it is not now necessary that an *indictment for unlawfully pursuing the occupation of selling spirituous liquors without having first paid the license therefor* shall allege the name of the person or persons to whom the spirituous liquor was sold. Wherefore the cases of *White* v. *The State,* 11 Texas Ct. App., 480, and *Eppstein* v. *The State,* Id., 476, decided before the repeal of the said section 5, of the act of March 26, 1881, are not authority upon the question.

3. SAME.— The offense denounced in article 110 of the Penal Code is the pursuing of any occupation taxed by law, without first obtaining a license therefor. The cases of *Burch* v. *The Republic,* 1 Texas, 608, and *Alexander* v. *The State,* 29 Texas, 495, arose under statutes regulating the sale of intoxicating liquors, and cannot be held to apply to cases arising under the article of the Penal Code referred to.

4. SAME — CHARGE OF THE COURT — CASE STATED.— The indictment alleged both the amount of the occupation tax due the State, and the amount of the tax due the county of H. The prosecution failed, on the trial, to prove that the county of H. had levied an occupation tax upon liquor dealers. The trial court instructed the jury that the prosecution could be maintained only for the amount of taxes due the State, and the verdict of the jury was in accordance with the instruction. The defense contended that, in order to sustain a conviction, it was incumbent on the State to prove both allegations, and asked a special charge to that effect, which was refused. *Held,* that the charge as given by the court was correct, and the special charge was properly refused. See the opinion *in extenso* on the question, and note a list of decisions of this court *held* not to support the principle advanced by the defense.

### ON MOTION FOR REHEARING.

5. SAME — EVIDENCE — FACT CASE.— Evidence of a single sale of intoxicating liquors is not sufficient to sustain a conviction for pursuing the occupation of a liquor dealer without license. But such a conviction is amply sustained by evidence showing repeated sales of liquor at or about the same time. See the statement of the case for evidence *held* sufficient to support a conviction for pursuing the occupation of a retail liquor dealer without having obtained license therefor.

APPEAL from the District Court of Hardin. Tried below before the Hon. E. Hobby.

The conviction in this case was for the pursuing of the occupation of selling spirituous liquors in quantities less than a quart, without having first obtained a license, and paid the occupation tax thereon. A fine of $300 was the penalty assessed by the jury.

W. W. Lyon, sheriff, and *ex officio* tax collector of Hardin county, testified, for the State, that the defendant had never, at any time, applied to him, or through him, for a license to pursue the occupation of a liquor dealer, and had never at any time paid him, as such tax collector, on account of either the State or county, any sum of money as occupation tax as a liquor dealer.

Wood Holland testified, for the State, that, in November, 1883, he bought of the defendant, at one time, a half pint of whisky, and at another time a pint of whisky. He remembered that he paid the defendant twenty-five cents for the half pint. This occurred in Hardin county, Texas.

Dan Overstreet testified, for the State, that he bought a quart of whisky from the defendant in November, 1883.

The State then offered in evidence the following order of the commissioners' court of Hardin county:

"It is ordered by the court that the county occupation tax shall be one-half as much as the State occupation tax." This order was objected to as evidence, by the defense, and the objection was sustained because the levy of the tax as shown by the same was insufficient.

The questions considered in the opinion were raised by the motion for new trial.

*H. W. Greer*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is alleged in the indictment that the defendant "did, on the 25th day of December, 1883, pursue the occupation of selling spirituous liquors in less quantities than a quart, without obtaining license therefor, and without paying the amount of taxes due the State of Texas and the county of Hardin therefor, the amount of taxes due the State of Texas being then and there $300, and the taxes due the county of Hardin therefor being then and there $150, said $150 being the amount then and there due said county of Hardin by virtue of a levy of the county commissioners'

court of said county, on said occupation, of one-half of the tax levied by the State of Texas." The venue of the offense was laid in Hardin county. Exceptions to the indictment, and also a motion in arrest of judgment based upon its alleged insufficiency, were overruled.

It is objected to the indictment that it does not allege the year in which defendant followed the occupation, nor the year for which he failed to pay his occupation tax. These objections are, we think, not well taken. The date when he pursued the occupation is alleged, and it is further alleged that at said date his State and county occupation taxes were due, stating the amounts thereof. This is all that the statute defining this offense requires with respect to the allegation of *time*. (Penal Code, art. 110.)

Another objection made to the indictment is that it does not allege the name of the person to whom defendant sold the intoxicating liquors. While such an allegation may have been essential under section 5 of the act of March 26, 1881, prescribing forms of indictments (Genl. Laws, 17th Leg., p. 60), that act has since been repealed, and can no longer affect the question presented. The cases of *White* v. *The State*, 11 Texas Ct. App., 480, and *Eppstein* v. *The State*, Id., 476, were decided with reference to that act, and are no longer applicable to an indictment drawn under article 110 of the Penal Code, in so far as the same hold the above stated objection to be a valid one. The other cases cited by appellant's counsel in his brief, viz., *Burch* v. *The Republic*, 1 Texas, 608, and *Alexander* v. *The State*, 29 Texas, 495, were cases arising under statutes regulating the *sale* of intoxicating liquors, and cannot, we think, be held applicable to the article of the Penal Code under which this indictment was framed, which article creates and describes a very different offense, that is, pursuing any occupation, etc., taxed by law, without first obtaining a license therefor. It is not the *sale* of intoxicating liquors that constitutes the offense denounced by said article, but it is the act of pursuing a taxable occupation without obtaining a license therefor. We think the indictment sufficiently alleges this offense, and that the exceptions to the same were properly overruled.

On the trial, the State failed to prove that the county of Hardin had levied any tax upon the occupation of liquor dealer, and the court instructed the jury that the prosecution could only be maintained for the occupation tax due the State, and the verdict of the jury was in accordance with this instruction. Appellant's counsel contended in the trial court that, the indictment having alleged

the amount of taxes due the State, and also the amount due the county, the State must prove both allegations, and that proof of one only of said allegations would not sustain a conviction. This view of the law was embodied in a special charge which was requested and refused, and the court instructed the jury directly the reverse. It is very earnestly insisted on this appeal, by defendant's counsel, that his above stated view of the law is correct, and that the court erred in its charge to the jury, and in refusing the special charge requested, upon this subject. In support of his position counsel cites several decisions rendered by this court, which we have carefully examined, and we do not think they sustain his view. The extent to which the decisions referred to go is that, the amount of the taxes due being the criterion by which the punishment must be regulated, the indictment must specifically aver the amount of taxes due both to the State and the county. (*Spears* v. *The State*, 8 Texas Ct. App., 467; *Archer* v. *The State*, 9 Id., 78; *Crews* v. *The State*, 10 Id., 292; *Sheffield* v. *The State*, 14 Id., 238; *Rather* v. *The State*, 15 Id., 556.) In none of these cases is it held that a conviction cannot be had without proving each of the allegations of the amounts of taxes due. In fact that question was not presented in either of said cases, nor has it been presented and determined in any other case that we are aware of.

Upon principle, we think the position contended for by defendant's counsel is not sound. Under article 110 it is an offense to pursue a taxable occupation without obtaining a license, and the penalty depends upon the amount of the taxes due, and the taxes due include both the State and county taxes. It is only necessary to allege the amount of taxes due, because by that amount the punishment is regulated. The amount does not enter into and form a part of the offense itself, and is not even descriptive of the offense. It may be that a county has not levied any such occupation tax. In such case, is it to be held that it is not a violation of this statute to pursue the occupation without paying the State tax? Surely not. This article is intended to enforce the payment of each tax, that due the State and that due the county, and it is as much an offense to pursue the occupation without the payment of the one as the other, or both. The averments as to the taxes due are divisible, and it is sufficient to prove so much of them as shows the defendant to have been guilty of the substantive crime charged, though the proof does not cover the entire charge. (Whart. Cr. Ev., § 129 *et seq.*) This case, in this respect, is similar in principle to an indictment which alleges the theft of two or more animals. A conviction

upon proof of the theft of one animal only will be sustained.    (*Alderson* v. *The State*, 2 Texas Ct. App., 10.)

Believing that the conviction in this case is in all respects in accordance with law and with the evidence, the judgment is affirmed.

*Affirmed.*

[Opinion delivered January 28, 1885.]

#### ON MOTION FOR REHEARING.

WILLSON, JUDGE.    Defendant's counsel moves for a rehearing in this cause, asking that the judgment of affirmance be set aside, and that the judgment of conviction be reversed, and the cause remanded, because the evidence does not support the conviction, in that there is no evidence that the defendant pursued the occupation of a liquor dealer.    It was proved that the defendant, on three different occasions in the same month and year, in Hardin county, sold intoxicating liquors to two different persons.    In his charge to the jury the judge clearly and particularly instructed them that before they could convict the defendant they must believe beyond a reasonable doubt that he pursued the occupation of a liquor dealer.    We think, with the evidence before them, of the several different sales of intoxicating liquors made by defendant, and in the absence of any contradictory or explanatory evidence, they were fully warranted in finding that he did pursue the occupation of a liquor dealer.    A single sale of intoxicating liquors, without any other evidence to show that the seller was pursuing the occupation of a liquor dealer, would not, we think, be sufficient; but repeated sales at or about the same time would be strong evidence that the seller was pursuing that occupation.    The motion is refused.

*Rehearing refused.*

[Opinion delivered January 31, 1885.]