[No. 3372.]

## SAM MOSELY *v.* THE STATE.

1. SUNDAY LAW.— INDICTMENT charged that the appellant, being a trader in a lawful business, did, on a designated Sunday, "sell merchandise." The defense excepted to the indictment because it did not allege that the merchandise was not burial or shrouding material, nor provisions sold before 9 o'clock in the forenoon, etc., sales of which are excepted from the operation of the act of April 10, 1883, which creates the offense. But *held* that the exception to the indictment was properly overruled because the proviso by which such sales are excluded from the operation of the act is neither a part of the enacting clause nor descriptive of the offense defined by said act.

2. SAME.— When, as in the Sunday Law of 1883, the definition of the offense is so entirely separable from the exceptions that its constituents may be clearly and accurately alleged without reference to the exceptions, it is not necessary to negative the exceptions. Otherwise if the exceptions are so incorporated in the definition of the offense that its ingredients cannot be clearly and accurately alleged without negativing the exceptions.

3. INDICTMENT — CERTAINTY — SUNDAY LAW.— As every inhibited sale of merchandise on Sunday constitutes a separate offense, it is necessary that the indictment shall with reasonable certainty specify the sale alleged as the offense for which the accused is to be tried. Exception was well taken to an indictment which charged that the accused did on a certain Sunday "sell merchandise," but which neither described the merchandise, nor named the purchaser, nor otherwise identified the inculpatory transaction.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The case is stated in the opinion. A fine of $20 was the penalty imposed on the appellant for selling merchandise, to wit, a drink of whisky, on Sunday, to the State's witness Leroy Farabee; "against the peace and dignity of the State." Appellant was proprietor of a saloon.

*O. L. Lockett*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. This conviction was had under an indictment which charges that Sam Mosely, in the county of Bosque, "on the 24th day of August, A. D. 1884, did then and there sell merchandise on Sunday, the said Mosely being then and there a trader in a lawful business." Defendant excepted to the sufficiency of the indictment, which exceptions were overruled.

One of the exceptions overruled was that the indictment does not negative the provisos in the statute, which except from its opera-

tion sales of provisions made before 9 o'clock, A. M., and the sale
of burial or shrouding material. It is contended that these excep-
tions, being contained in the enacting clause of the statute, are a
part of the definition of the offense, and necessary to its description.
This conclusion is correct, if the premise be not false. The statute
reads: "Any merchant, grocer or dealer in wares or merchandise,
or trader in any lawful business, or the agent or employee of any
such persons, who shall sell or barter on Sunday, shall be fined not
less than twenty nor more than fifty dollars; *provided*, this article
shall not apply to markets or dealers in provisions as to sales of
provisions made by them before 9 o'clock, A. M., nor the sale of
burial or shrouding material," etc. (Act April 10, 1883; Gen.
Laws 18th Leg., p. 66.)

The provisos in the above quoted article are not a part of the
"enacting clause." Nor are they descriptive of the offense. The
"enacting clause" completely defines the offense, and prescribes
the punishment therefor, without exceptions. Where the words of
the statute defining the offense are so entirely separable from the ex-
ception that all the ingredients constituting the offense may be clearly
and accurately alleged without any reference to the exception, then it
is not necessary that the exception should be negatived. But where
the exception is so incorporated with the language defining the
offense that the ingredients of the offense cannot be accurately and
clearly described if the exception is omitted, the indictment must
allege enough to show that the accused is not within the exception.
(*U. S.* v. *Cook*, 17 Wall., 168.) An indictment must show a *prima
facie* case against the defendant, and it need not do more. (1 Bish.
Cr. Proc., § 631 *et seq.*)

In *Blasdell* v. *The State*, 5 Texas Ct. App., 263, this subject was
fully discussed, and the case before us comes fully within the prin-
ciples of that decision. The case of *Duke* v. *The State*, 42 Texas,
455, does not apply here. In that case the statute under considera-
tion, prohibiting the carrying of certain arms, contained exceptions
in its enacting clause, which were so interwoven and located in the
statute as to form a part of the definition and description of the
offense, and it was therefore correctly held that the indictment must
allege such facts as showed that the defendant was not within the
exceptions. From the authorities cited, and numerous others which
might be cited, we hold that it is unnecessary in an indictment under
the statute in question to negative in any manner the provisos con-
tained therein. (*Archer* v. *The State*, 10 Texas Ct. App., 482.)

We are of the opinion, however, that this indictment is insuffi-

cient for want of certainty. It neither describes the merchandise alleged to have been sold, nor the person to whom sold, and shows no reason for not doing so. An indictment should state the facts which constitute the offense with sufficient certainty to reasonably apprise the defendant of the exact nature of the accusation, so as to enable him to prepare his defense, and enable him to plead a conviction or an acquittal in bar. (*Estes* v. *The State*, 10 Texas, 300; *Lewellen* v. *The State*, 18 Texas, 538; *State* v. *Baggerly*, 21 Texas, 757; *Johnson* v. *The State*, 1 Texas Ct. App., 146; *Rose* v. *The State*, Id., 400.) In the case before us, it certainly would not be unreasonable to require the State to inform the defendant of the facts which would identify the illegal sale complained of, either by naming the particular merchandise sold or the person to whom the same was sold, or by other averments of some other identifying fact. Under this statute each sale would be a separate offense, and the particular sale complained of should be in some way reasonably specified by the averments in the indictment. (*Bench* v. *The Republic*, 1 Texas, 608; *Alexander* v. *The State*, 29 Texas, 495; 1 Bish. Cr. Proc., § 571; Bish. Stat. Cr., §§ 894, 944, 1037.)

Because the indictment is too uncertain in its description of the offense, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered May 29, 1885.]