AUSTIN TERM, 1886.

No. 3688.

JOHN M. BENNETT ET ALS. *v.* THE STATE.

1 ROAD LAW.—INFORMATION to charge the offense of failing to work the public roads, as defined by article 411 of the Penal Code, must allege the legal liability of the accused to such service. Such liability is an issuable fact, and must be proved by the State.

2. SAME.—Although the same indictment may, in some cases, include several offenders for different offenses of the same kind, by using the proper allegation to charge the offenses as several as to each, still the trial court has the discretionary power to quash such an indictment, if that mode of preferring the charges imposes any material inconvenience. The indictment in this case impleads several defendants for offenses of the same kind, to which the defendants interpose separate and distinct defenses. Note the suggestion of the court that a separate indictment should be preferred against each of the accused.

APPEAL from the County Court of Shackelford. Tried below before the Hon. R. M. Norman, County Judge.

The information in this case purports to implead John M. Bennett, Rufus Keefer, Thomas Stewart, Will Ward and O. J. Wood, for failure to work the public roads of Shackelford county. Wood was not upon trial. The other defendants were found guilty upon their joint trial, and were fined in the sum of one dollar each. This appeal is prosecuted by the defendants Bennett, Keefer and Stewart.

A statement of the facts proved on this trial is not deemed essential to this report, further than to state that the defense interposed by Bennett was that by agreement with the road overseer he furnished a wagon and team for the working of the road, in lieu of his personal service; that the defense interposed by Stewart was that he was never served with notice to work the roads; and that interposed by Keefer was that he had not resided in the county for the period of fifteen days when served with notice, and therefore was not subject to road service.

*A. A. Clark* and *L. W. Campbell,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge.    Article 411 of the Penal Code provides that, "If any person liable under the law to work upon the public roads shall wilfully fail or refuse to attend either in person or by substitute at the time and place designated by the road overseer of his district or precinct, after being legally summoned; or shall fail, on or before the day for which he is summoned to attend, to pay to such overseer the sum of one dollar per day for each day he may have been notified to work on the road; or, having attended, shall fail to perform any duty required of him by law and such overseer, he shall be fined in any sum not exceeding ten dollars."

In the case before us an information was preferred by the county attorney based upon this statute, charging in one count its violation by five different parties. The information is fatally defective in failing to allege affirmatively and specially that the parties charged were "*liable* under the law to work upon the public roads." Such allegation is essential to be made, because essential to be proven. If not *liable* to road duty, then it is manifest that a party should not be punished for failing and refusing to do such duty. (Willson's Crim. Forms, No. 287, pp. 133, 134.)

With a view to the probabilities of another prosecution, we would suggest the propriety of instituting separate prosecutions against these defendants. "Several offenders in some cases may be included in the same indictment for different offenses of the same kind, the word *separately* being inserted, which renders it several as to each of them; though, it is said the court will in its discretion quash the indictment if any material inconvenience appear to arise from preferring the charge in that mode." (Lewellen v. The State, 18 Texas, 538, citing Whart. Am. Crim. Law, 156; Precedents, p. 5 and notes.) Mr. Bishop says, speaking of the authority of a court to quash an indictment for improper joinder, "And it will have a proper regard to its own convenience and the due administration of public justice." (1 Bish. Crim. Proc., 3 ed., sec. 453.) Again he says: "We have seen how the courts avail themselves of this power to prevent an improper joinder of offenses and offenders." And so, says Chitty, "Where six persons were jointly and severally charged with exercising a trade without having served an apprenticeship, the indictment was quashed as altogether vicious." (Id., sec. 773.) The various defenses inter-

posed in this case give a good illustration of the inconvenience incident to such pleading.

Because the information is fatally defective in the matter first pointed out above, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*