Opinion delivered June 15, 1886.

---

[No. 3597.]

## HENRY DIXON *v.* THE STATE.

"LOCAL OPTION" LAW—INDICTMENT—CASES DISTINGUISHED.—Indictment or information to be sufficient to charge a violation of the "local option" law, must allege the name of the person to whom the liquor was unlawfully sold, or, if the name of the said person be unknown to the grand jury, that fact must be alleged.  See the opinion *in extenso* for a review of the authorities on the question, and for the distinction between this case and the cases of Sedberry v. The State, 14 Texas Court of Appeals, 233, and McMillan v The State, 18 Texas Court of Appeals, 375.

APPEAL from the County Court of Ellis.   Tried below before the Hon. O. E. Dunlap, County Judge.

The conviction in this case was for a violation of the local option law, and the penalty assessed against the appellant was a fine of fifty dollars.

*J. L. Clark* and *Edwards & Fears,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. A question as to the sufficiency of the indictment is presented in the record, which is not free from difficulty. The question is, is it essential, in an indictment for the offense of selling intoxicating liquor in violation of the "local option" law, to allege the name of the person to whom the liquor was sold, or, in case the name of such person was unknown to the grand jurors, to allege that fact? In Sedberry v. The State, 14 Texas Court of Appeals, 238, and in McMillan v. The State, 18 Texas Court of Appeals, 375, indictments which did not contain any allegation as to the name of the person to whom the liquor was sold, were held sufficient; but we find, upon an inspection of the record in those cases, that this particular exception to the indictment was not made, and was not in fact passed upon by the court. The indictments in those cases were excepted to upon numerous other grounds, and were held sufficient with reference to such exceptions, but can not be considered as adjudicated on exceptions not made, or to which the attention of the court was not called. In the case before us the question is directly presented by an exception to the indictment, specifically calling our attention to the supposed defect, which exception was overruled; and such ruling, it is insisted by defendant's counsel, is error.

In Burch v. The Republic, 1 Texas, 608, the defendant was convicted upon an indictment charging him with vending spirituous liquors in a quantity of a quart and over, without license first had and obtained. It was held that the indictment was bad for uncertainty. It should have alleged at what house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction. To the same effect is Bush v. The Republic, 1 Texas, 455.

In Alexander v. The State, 29 Texas, 495, the defendant was charged with selling spirituous liquors in less quantities than one quart, without having a license to do so. In passing upon the sufficiency of the indictment, the court used the following language: "The exception to the indictment, because it does not allege to whom the liquor was sold, ought to have been sustained by the court below. One of the requisites of an indictment is that 'the offense must be set forth in plain and intelligible words.' This does not mean merely that the indictment must allege that the party accused has done some act which is an

offense against the laws, nor does it mean that it is enough to say in an indictment that the accused committed a murder, or an assault, or stole a horse, or the like. There must be some particularity, or what the law calls certainty, in an indictment. The particular act of which the State complains must be set forth in plain and intelligible words, so that the party who is accused may know what he will be called upon to answer, and may be able to prepare for his defense. * * * * * The transaction of which the party is accused must be identified with reasonable certainty. The indictment, in a case like the present, should name the person to whom the liquor was sold; or, if the name of the person to whom the liquor was sold was unknown to the grand jurors, then other circumstances tending to identify the transaction should be alleged, so that the accused may know what he will be called upon to answer, and so that, in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense."

In Cochran v. The State, 26 Texas, 678, which was a case precisely similar to the case of Alexander v. The State, *supra,* a contrary doctrine was held, but we consider that case overruled by the later case of Alexander v. The State, though the learned judge who delivered the opinion in the last named case does not mention the previous case of Cochran v. The State, *supra.* In Eppstein v. The State, 11 Texas Court of Appeals, 476, and White v. The State, Id., 480, this court held that, in charging the offense of pursuing the occupation of a liquor dealer without first obtaining a license therefor (Penal Code, Art. 110), it was essential to allege the name of the person to whom defendant sold the liquor. These decisions were made under the Act of March 26, 1881 (Gen. Laws 17 Leg., p. 60), known as the " Common Sense Indictment Act," and have been held to be no longer applicable to an indictment drawn under Article 110 of the Penal Code. In Mansfield v. The State, 17 Texas Court of Appeals, 468, this court held that, in an indictment which charged the defendant with pursuing the occupation of a liquor dealer without first obtaining a license therefor, it was not necessary to allege to whom he sold liquor; that the offense did not consist in the *sale* of liquor, but in pursuing the occupation, etc.

After reviewing the decisions in this State which bear upon the question, we conclude that the true rule is that stated so clearly and forcibly in the case of Alexander v. The State, *supra,* and which was cited and adopted by this court in Thompson v. The

State, 16 Texas Court of Appeals, 159. In the case of the offense with which the defendant has been convicted, this rule is particularly applicable, because the accused party may have sold intoxicating liquors to a thousand different persons without in a single instance having violated the law. The sales may have been to persons who had proper prescriptions, or the liquor sold may have been for sacramental purposes. How is he to know what particular sale he is to answer for, unless the indictment in some way identifies the sale complained of by the State as a violation of law? Must he come prepared to prove the legality of each of the thousand sales he has made? To require this would be unreasonable and oppressive. It is not unreasonable to devolve upon the State the not difficult duty of informing the accused which one of the sales made by him is complained of as unlawful. We think he is entitled to this information, and because in this case the indictment did not afford such information, it is uncertain and bad, and the trial court erred in overruling the exception to it; for which error the judgment is reversed, and because the indictment is defective in matter of substance, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered June 16, 1886.