Opinion delivered April 18, 1888.

No. 5708.

## BOZE SHOOK *v.* THE STATE.

GAMING ON SUNDAY—INDICTMENT is insufficient to charge the offense of gaming on Sunday, as defined by article 185 of the penal code, unless it alleges the name of the person or persons with whom the accused engaged in the gaming.

APPEAL from the County Court of Haskell.    Tried below before the Hon. C. J. Chapman, County Judge.

The opinion states the nature and result of the case.    The penalty assessed against the appellant was a fine of twenty dollars.

*Ed. J. Hamner,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE.    The conviction in this case is under article 185 of the Penal Code, defining the offense of "engaging in any species of gaming for money or other consideration, within the limits of any city or town on Sunday."    In substance the indictment charged that the appellant, on the fourteenth day of August, 1887, in the town of Haskell, Haskell county, Texas, did engage in a species of gaming, and did then and there play at a game of cards for a horse.

To be sufficient under the article cited, the indictment should allege the name of the person or persons with whom the defendant engaged in the gaming, or it should have alleged the name

of the person or persons with whom defendant played the game of cards, or with whom the wager for the horse was made. While it is true that the elements of the offense are alleged, still a description of the offense—that is, the facts of the transaction—should be given. We can perceive no difference in principle in the cases of Burk v. Republic, 1 Texas, 608; Lewellen v. The State, 18 Texas, 538; State v. Catchings et al., 43 Texas, 654; Dixon v. The State, 21 Texas Ct. App., 517, and this case.

Because the indictment is insufficient, the judgment is reversed and the prosecution dismissed.

*Reversed and remanded.*