GORDON SHEFFIELD V. THE STATE.

No. 9635.   Delivered February 17, 1926.

**Failure to Work Public Road—Indictment—Fatally Defective.**

Where an indictment charging appellant with a failure to work upon the public road does not allege that the accused was liable for road service, same is fatally defective.  Following Bennett v. State, 14 S. W. 336, 26 Tex. Crim. App. 671; Bluitt v. State, 56 Tex. Crim. Rep. 525.  Also see Wilson's Crim. Forms No. 373.

Appeal from the County Court of Tyler County.   Tried below before the Hon. Hill C. Durham, Judge.

Appeal from a conviction for failure to work upon the public road, penalty a fine of one dollar.

The opinion states the case.

*F. M. Sheffield* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the failure to work upon the public road; punishment fixed at a fine of one dollar.

The sufficiency of the information is challenged upon the ground that it fails to contain an averment to the effect that the appellant was liable under the law to work upon the public road.   In the Statute, it is made a penal offense for "any person liable to work upon the public roads after being legally summoned to fail or refuse, etc."   See Art. 835, P. C. 1925; Acts of 37th Leg., 1st Called Session, Chap. 42, Sec. 37.   In Section 19 of the same Act, certain classes of persons are exempt from road service.

To sustain a conviction, the burden is upon the state to show that the accused came within the purview of the Statute, that is, that he was liable for road service. The indictment, in failing to charge such liability, was defective. This was the holding of this court in Bennett v. State, 14 S. W. Rep. 336, 26 Tex. Crim. App. 671; Bluitt v. State, 56 Tex. Crim. Rep. 525; Wilson's Crim Forms, No. 373.

The court was in error in refusing to quash the information.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*