## THE STATE v. R. H. CHINN.

The 16th section of the road law provides as follows: "And on failure to put
   up mile-posts marked as aforesaid, or index-boards, within six months after
   their appointment, the overseer of such road, for such failure and neglect,
   shall be liable to indictment, and on conviction thereof before the district
   court shall  be fined in the sum of $5, and all costs of prosecution."   (Pas-
   chal's Dig., Art. 5070, Note 1111.)   The law does not wait for any formal
   act of acceptance on the part of the overseer, but requires him to do cer-
   tain things within a certain time after his appointment.
       XXIX—32.

APPEAL from Matagorda.

Nothing but a copy of the opinion has been furnished to the *Reporter*.

The defendant was indicted for neglect of his duty as overseer of a road, under the 16th section of the road law. (Paschal's Dig., Art. 5070, Note 1111.)  On motion of the defendant the indictment was quashed.  The facts are sufficiently indicated in the opinion.  The State appealed.

BELL, J.—We are of opinion that there is no error in the judgment of the court below.

The indictment charges, that the appellee was appointed overseer of a certain road on the 21st day of February, and that on the 28th day of March, in the year aforesaid, he accepted the appointment, "and that within six months thereafter he failed and neglected," &c.

We think the expression "within six months thereafter" must be taken to refer to the time of the acceptance of the appointment, and not to the time of the appointment itself.

The statute upon which the indictment is founded (O. & W. Dig., Art. 1783) requires the overseer of the road to perform the duties named in the indictment within six months from the time of his appointment, and not within six months from the time he may have signified to the county court his acceptance of the appointment.  [Paschal's Dig., Art. 5070, Note 1111.]  Indeed, the statute provides, "that he shall be presumed to have accepted the appointment, unless he notifies the county court, within a certain time, of his non-acceptance."  So that the law does not wait for any formal act of acceptance on the part of the overseer, but requires him to do certain things within a certain time after his appointment.  There is nothing in the indictment to exclude the conclusion, that the overseer may have performed the duties named in the indictment

between the 21st day of February, the date of his appointment, and the 28th day of March, when he is said to have accepted the appointment, so that, taking the allegations of the indictment to be true, it does not state a *prima facie* case against the appellee.

There may be other objections to the indictment, but we do not deem it necessary to consider them. The judgment of the court below is

AFFIRMED.