## FLEMING v. MADDOX *et al.*

1. Judicial sale: CONSEQUENCES OF IRREGULAR SALE. It is not competent for a defendant in execution, whose land has been irregularly sold thereunder, to pay off the judgment against him, and, having succeeded in getting the sale set aside on the ground of the irregularity, compel the purchaser to look to the sheriff or to the plaintiff for re-imbursement of the amount paid by him. In such case the court will, on motion of the purchaser, set aside the credit on the judgment to the extent of his bid and order a resale of the land for the purpose of indemnifying him.

2. —— To prevent such resale the defendant must himself re-imburse the purchaser

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 24.

ON the 4th day of November, 1869, a special execution issued to the sheriff of Boone county, for the sale of certain lands of the defendant, Thomas A. Maddox, under a judgment of foreclosure of mortgage.

On the 29th day of January, 1870, the sheriff returned said execution, showing, among other things, a sale of a separate portion of said premises to each of the following persons, to wit: Samuel Luther, M. Parde, J. B. Patterson and Henry Graves, and that John Hull, attorney of plaintiff, had receipted to him for $455.96, the avails of the sale of the premises to these persons. On the 1st day of January, 1870, the defendant, Thomas A. Maddox, paid to Phillips, Gatch & Phillips, attorneys of record of the plaintiff, the amount of the judgment against him, and received from them a receipt, as follows: "Received of T. A. Maddox, Esq., a certificate of deposit of National State Bank, Des Moines, Iowa, the payment of which is conditional upon release of certain lands from judgment, case of *E. M. H. Fleming* v. *T. A. Maddox et al.*, in circuit court of Polk county, Iowa, and which is so made payable to our order, for $1,262, which is to apply in satisfaction of the judgment in the above cause, provided, the sale of the lands sold on execution therein is set aside; and if said sale is regular then the proceeds of the land sold at such sheriff's sale shall be paid over to Mrs. Elizabeth Maddox, and the said Fleming shall release his claim by virtue of such sheriff's sale, on the payment of such certificate of deposit."

On the 28th of January, 1870, the defendant, Thomas A. Maddox, filed his motion to set aside the sale on execution, for a failure to comply with the provisions of section 3318 of the Revision. The motion was sustained, and the order of the court was, on appeal to this court, affirmed.

On the 28th of January, 1871, the said Luther, Graves, Patterson and Rude, made a motion in said circuit court to set aside the credit on the judgment to the extent of their several bids, and for an order to subject the land purchased by them to a resale under said judgment, for the purpose of repaying them the amount by them respectfully bid. This motion the court sustained. The defendant, Thomas A. Maddox, appeals.

*Barcroft, Gatch & Hammond* for the appellant.

*Withrow & Wright* for the appellee.

DAY, Ch. J. — Prior to the payment by Maddox of the amount of the judgment against him to Phillips, Gatch & Phillips, attorneys of record of plaintiff, the defendant's lands had been sold upon execution, and the purchase-money had been paid to the sheriff. This operated as a discharge of the judgment so far as the defendant's liability to plaintiff was concerned.

It is true the sale, being made without notice to the defendant in possession, was irregular, and liable to be set aside upon defendant's motion at the term of court succeeding the sale. The sale, however, was not void. The defect was of such a character that it would be waived unless promptly insisted upon. It is suggested in the argument that there is no evidence that Hull, to whom the sheriff paid the proceeds of the sale, was the attorney of plaintiff, or had any authority to receive the money. We, however, regard this question as immaterial. The sheriff had authority to receive the purchase-money. The purchasers cannot be held responsible for the proper application of the money by the sheriff. If he paid it to one not authorized to receive it, he still remains liable to the plaintiff for the amount collected. The question then presented by this record is this: The land of defendant being

irregularly sold, and the purchase-money being paid into the hands of the officer authorized to receive it, is it competent for the defendant to pay off the judgment, set aside the sale and compel the purchaser to look to the sheriff or to the plaintiff for re-imbursement? If such can be done, it must be upon the principle that the purchaser, by virtue of his purchase, acquired no interest either in the land or the judgment. So far as we are advised, courts have held the opposite of this doctrine. In the case of *Valle's Heirs* v. *Fleming's Heirs*, 29 Mo. 152, it was held, that, where land is purchased in good faith at an administrator's sale which is *void* because the requirements of the statute are not pursued, and the purchase-money is applied in extinguishment of a mortgage to which such land was subject in the hands of the owner, the purchaser will be subrogated to the rights of the mortgagee to the extent of the purchase-money applied to the extinguishment of the mortgage, and the owner will not be entitled to recover possession until he repays such purchase-money. And in *McLaughlin's Administrators* v. *Daniel*, 8 Dana, 182, it was held, that the purchaser of property sold under execution has a right in equity, when the property is recovered from him or his vendee, by virtue of a superior title, to be substituted for the creditor, and to have the amount of his purchase-money refunded to him by the defendant in the execution. The doctrine of these cases would subrogate the purchasers to the rights of Fleming, the judgment creditor, and would entitle *them* to be paid the amount of the judgment, so far as satisfied by their purchase, upon setting aside the sale. But the case of *Jensen* v. *Woodbury*, 16 Iowa, 516, is more directly in point. In that case the sheriff's sale was set aside for the same reason as was the sale in this case, and it was ordered that upon a resale of the property, if no one bid more than the bid of the prior purchasers, the land should be struck off to them at that sum, and that if more was bid they should be refunded

the amount of their bid; or that the judgment defendant's might, if they desired, prevent a resale of the property by paying *to the former purchasers* the amount of their bid, and ten per cent interest thereon.   This order can be explained and justified only upon the theory that the purchasers had acquired an interest in the judgment, and been subrogated to the rights of the creditor.   And this doctrine is just and reasonable, and to our minds entirely applicable to this case.   An application of a different doctrine might work great prejudice to purchasers.   There is no pretext but that the purchases were made in entire good faith.   They paid their money without any knowledge of any irregularity in the sale, and with an expectation that title to the property would be acquired by their purchase.   It was not necessary that Maddox should pay the judgment in order to procure the setting aside of the sale.   He paid the amount of the debt to the plaintiff's attorney with knowledge that plaintiff had already received satisfaction of the same. Now suppose that Hull *was authorized* to receive the purchase-money from the sheriff, what right had Maddox to make a second payment, and to compel the purchasers to look to Hull or to plaintiff for indemnity, rather than to the lien of the judgment upon defendant's land, or suppose that Hull had no *authority* to receive the money, then upon what legal principle could Maddox pay plaintiff, and compel the purchasers instead of plaintiff to look to the sheriff for re-imbursement.   And if it should turn out that the plaintiff and the sheriff and his bondsmen are insolvent, should the loss fall upon the purchasers who innocently paid their money to one entitled to receive it, or upon the defendant, who paid to plaintiff the amount of the judgment, knowing that it was satisfied by a sale of property. Under the facts of this case, if loss occurs, it must, in our judgment, be borne by the defendant.   It is said by the counsel that defendant had a right to pay off the judgment, and prevent a further sale of his property.   This we con-

cede.   But he should have paid to the purchasers the amount of their bids, and not to the plaintiff, who already had received satisfaction.

The judgment of the court below is

Affirmed.