## THE STATE v. MICHAEL HELDT.

1. RETAILING SPIRITUOUS LIQUORS.—In an indictment for retailing spirituous liquors, it was not necessary to describe the house where the liquor was sold, or to allege the names of the persons to whom sold.
2. EXCEPTIONS TO INDICTMENT. — Where an indictment was found under a special act prohibiting the sale of spirituous liquors within

a given distance of a college, which college has ceased to exist as such, advantage of such fact cannot be taken by exceptions, but only by proof on plea of not guilty.

APPEAL from Cass.    Tried below before the Hon. M. L. Crawford.

The indictment in this case charged that M. Heldt, on December 1, 1872, "did unlawfully, and contrary to the special statute in such case made and provided, approved May 23, 1871, sell intoxicating and spirituous liquors to divers persons to the grand jurors unknown, within less than two miles of Douglassville College, in said county."

The defendant excepted to the indictment, because it did not state to whom the liquor was sold, nor the house where sold, and for the further reason that there is no such place as Douglassville College.

The exceptions were sustained, the indictment quashed, and judgment rendered for the defendant, from which the State appealed.

*George Clark, Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—The exceptions to the indictment are not well taken.    The offense for which appellee is indicted is charged substantially in the words of the statute.    It was unnecessary to designate the house or the place where the liquor was sold with more exactness and particularity than is done in the indictment.    Nor was it absolutely essential to give the name of the person to whom the liquor was sold.    If, as alleged in the motion to quash, there was no such place as Douglassville College at the date of the alleged violation of the law under which the indictment was found, by reason of said college having become a public school, as stated in the motion, the court could not judicially know the fact, and it was therefore no ground for quashing the indictment.    If such is the fact, and by reason thereof it ceased to be an offense to sell spir-

ituous liquors within the limits prescribed in the statute
under which this indictment was found, appellee could have
availed himself of it by plea of not guilty, but not by mo-
tion to quash.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.