# PROVIDENCE COUNTY.

STATE *vs.* JOSEPH DOYLE.

An indictment for keeping and maintaining a nuisance need not set forth the names of the
"intemperate, idle, dissolute, noisy," etc., persons alleged to frequent the place com-
plained of.

An indictment may charge the same offence in two different counts.

In an indictment for keeping a nuisance frequented by "intemperate, idle, dissolute, noisy,"
etc., persons, it is not necessary to allege that such persons "then and there" habitually
resorted to such place.

EXCEPTIONS to the Court of Common Pleas.

*April* 23, 1887. PER CURIAM. The defendant was indicted at
the December Term, A. D. 1886, of the Court of Common Pleas
for this county, for keeping and maintaining a common nuisance,
under Pub. Stat. R. I. cap. 80, §§ 1, 2, and on trial was convicted
before a jury. After verdict and before sentence he moved in ar-
rest of judgment, on the ground that the indictment is insufficient:
in that, *first*, it does not set forth the names of the persons who are
described in it as intemperate, idle, dissolute, noisy, and disorderly
persons, and who are alleged to be in the habit of resorting to the
defendant's place; *second*, the first and second counts of the in-
dictment contain the same charge, and charge the defendant with
the same offence; *third*, said indictment does not charge that de-
fendant kept a place, etc., where idle, intemperate, etc., persons
were "then and there" in the habit of resorting. The motion
was overruled and the defendant excepted.

We do not think it was necessary to set forth in the indictment
the names of the persons there described. It would be difficult,
and in many cases impossible, to do so. The offence consists in
keeping a place for the habitual resort of persons of the character
indicated, whoever they may be. The authorities cited for the
State show that it has been held that, in a common law indictment
for keeping a disorderly house, it is unnecessary to give the names
of the persons resorting to it. The indictment is in the form in
which indictments for the offence have been drawn for thirty

years. Moreover, the entire clause, alleging that the place was kept for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, might be struck out, and the indictment would still be good, the allegation being simply an allegation of one among several of the modes in which the offence charged can be committed.

We do not think the indictment is bad because it charges the same offence in two different counts. It is common practice to charge an offence in several counts in different ways, for the purpose of meeting the evidence as it may come out on the trial ; and though it is usual to charge the offence as if the offence in each count was a distinct offence, yet that is matter of form, and does not make the indictment bad under our statute. Pub. Stat. R. I. cap. 248, § 4.[1]

The omission of the words "then and there," as indicated in the motion in arrest, is immaterial. *Commonwealth* v. *Langley,* 14 Gray, 21.                                  *Exceptions overruled.*

*Walter F. Angell,* Assistant Attorney General, for plaintiff.

*Charles H. Page & Franklin P. Owen,* for defendant.

---

[1] As follows : —

" SECT. 4. No indictment or other criminal process shall be abated or quashed for any want of form, provided it contain such allegations of the offence that the accused shall be able to plead and make defence thereto without prejudice to his rights, and to avail himself of any judgment that may be rendered thereon in case of a second complaint against him for the same offence, and every defect and want of substance in any such process may be amended and supplied with the consent of the accused."