# CHARLESTON.

## STATE *v.* FERRELL.

Submitted January 20, 1888.—Decided February 4, 1888.

INDICTMENT—DRUGGIST—SELLING SPIRITUOUS LIQUORS

In an indictment against a druggist under Code W. Va. ch. 32, § 5, as amended by Acts 1887, ch. 29, it is unnecessary to insert the name of the person to whom the liquor was sold.

Statement of the case by WOODS, JUDGE:

On the 23d day of June, 1887, Patrick Ferrell was indicted in the Circuit Court of Ritchie county for unlawfully selling as a druggist, alcohol, spirituous liquors and wines. The indictment, omitting the caption, is in these words : " The grand jurors of the State of West Va., in and for the body of the county of Ritchie, and now attending such court, upon their oaths present that Patrick Ferrell, on the —— day of June, 1887, in the said county, was a druggist, and as such druggist, at his drug-store in the town of Pennsboro, in the county aforesaid, did then and there unlawfully sell alcohol, spirituous liquors and wines, said sale not having been made for medicinal, mechanical or scientific purposes, against the peace and dignity of the State." The defendant having been duly summoned, appeared, and, on his motion, the Circuit Court quashed the indictment for errors apparent on the face thereof. To this judgment a writ of error was allowed the State, upon the petition of the Attorney-General, who assigns as error the action of the court in quashing the indictment.

*Alfred Caldwell*, Attorney-General, for the State.

*R. S. Blair* for defendant in error.

WOODS, JUDGE :

The indictment was found under section 4, ch. 32, Code, as amended by section 5, ch. 29, Acts 1887, which declares that " if any druggist shall sell spirituous liquors or wine, unless for medicinal purposes, or alcohol, unless for medicinal, mechanical or scientific purposes, he shall for each and every offence be fined not less than twenty nor more than one hundred dollars."

A druggist, without having the State license required by the first clause of the first section of chapter 32 of the Code, may lawfully sell, in good faith, alcohol, spirituous liquors or wine for medicinal purposes, or alcohol for scientific or mechanical purposes ; but all sales not so made in good faith of alcohol, spirituous liquors, or wines for medicinal purposes, or alcohol for scientific or mechanical purposes, are unlawful, and subject· the druggist for each and every such unlawful sale to a penalty of not less than twenty nor more that one hundred dollars.    While the Legislature thus conferred upon a druggist the privilege of selling alcohol, spirituous liquors and wine, in these exceptional cases, without requiring of him the State license required by the first clause of the first section of chapter 32 of the Code of all other persons making similar sales, it was not unmindful of the fact that the privilege so accorded to the druggist might be greatly abused.

The more effectually to guard against this abuse, the penalty·incurred by a druggist for an unlawful sale of alcohol, spirituous liquors, and wines is not only greatly increased over that imposed by such an unlawful sale by any person other than a druggist, but the sixth section of chapter 32 declares that " in any prosecution against a druggist for selling alcohol, spirituous liquors or wine without a license therefor, if the sale be proven, it shall be presumed that the sale was unlawful, in the absence of satisfactory proof to the contrary ; and that no sale of alcohol, (except for mechanical or scientific purposes,) spirituous liquors or wine shall be made by any druggist, under the provisions of this chapter, except upon the written prescription of a practicing physician," in substance and effect as set forth in said section.

In the face of these plain and unmistakable statutory provisions, it is contended by the counsel for the defendant in

error that the indictment is fatally defective, because it fails to set out the name of the person to whom the unlawful sale was made.

Whether it is necessary to insert in the indictment the name of the person to whom the unlawful sale was made by any person other than a druggist is no longer an open question in this State. It was expressly decided to be unnecessary in *Dove's Case*, (in 1815,) 2 Va. Cas. 26, and again in *Hulstead* v. *Com.*, (in 1835,) 5 Leigh 724. The same doctrine was held by this Court in *State* v. *Pendergast*, 20 W. Va. 672, and we are not disposed for light reasons to depart from the rule so laid down. But it is insisted that as none of these cases were prosecutions against a druggist, a different and a more favorable rule ought to be adopted in regard to them, inasmuch as they are privileged by the statute, in special cases, to sell alcohol, spirituous liquors and wine without the license required to authorize other persons to make similar sales of the same articles.

In the opinion of the counsel for the defendant in error, the necessity and propriety of the rule contended for is found in the supposed hardship imposed on druggists by the rule adopted in the other cases, by requiring them to be ready at all times to show to whom they sold alcohol, spirituous liquors and wines for medicinal purposes. If there be any hardship in this rule, it would seem to be much greater upon those who are not druggists, when charged with a violation of this statute; for in numberless instances neither the person selling, nor the bystander who was a witness thereof, would know the name of the purchaser, nor would either of them have any right to inquire who he was, whence he came, or whither he went. In such case there is no duty imposed upon the seller to ascertain, nor the purchaser to disclose, his name; and if it was necessary to insert the name of the person to whom the liquor was sold, before an indictment could be held valid, the great majority of the violations of this statute must of necessity go unpunished. If the party indicted for such unlawful sale can produce his license under the first section of chapter 32, it becomes wholly immaterial to him whether the name of the purchaser is stated in the indictment or not;

for, to whomsoever sold, his license is a complete defence against the charge.

So far from this rule operating with peculiar hardship upon the licensed druggist while engaged in legitimate business, the duties imposed upon him by the statute which confers his peculiar privilege on him, if faithfully performed, secure to him perfect immunity against every groundless prosecution. As a druggist, he has no authority whatever to sell alcohol, spirituous liquors or wines as a medicine, except the sale be made upon the written prescription of a practicing physician in good standing in his profession, etc., specifying the name of the person, and the kind and quantity of the liquors to be furnished to him; and not " more than one sale shall be made upon the same prescription." "And the production of such prescription by him at the trial of an indictment against him for the sale of alcohol, spirituous liquors or wines shall be sufficient to rebut the presumption arising from the proof of such sale, if the jury believe, from all the evidence in the case, that the sale was made in good faith, under the belief that such prescription and statement were true.

The same statute declares that " every such prescription and statement shall be filed and preserved by the druggist selling such liquors thereon, and the same shall be open and subject to the inspection of the prosecuting attorney of the county, or any member of the grand-jury, or any relative of the person to whom such liquors were sold;" and imposes a fine of not less than twenty nor more than one hundred dollars upon any druggist or person in charge of such prescriptions and statements who shall wilfully fail or refuse to produce the same for inspection when demanded by any of the persons aforesaid. See sections 6, 7, ch. 32, Code, as amended by chapter 29, Acts 1887. If the druggist has discharged these duties, he never can be taken by surprise, nor can he be in anywise injured by the testimony of any person to whom he has ever sold these liquors for medical purposes; for the statute has armed him with a complete defence, which is always within his reach, and of which he can seldom be deprived.

We can perceive no good reason why an indictment against a druggist, any more that an indictment against any other person, for selling spirituous liquors without the

license required by the first section of chapter 32 of the Code, should require the name of the purchaser to be inserted in the indictment, and we are therefore of opinion that, in a prosecution against a druggist for unlawfully selling alcohol, spirituous liquors, and wine for other than medicinal, mechanical, or scientific purposes, the name of the person to whom the sale was made need not be stated in the indictment.

For these reasons, the judgment of the Circuit Court must be reversed, with costs to the plaintiff in error. And, this Court now proceeding to render such judgment as the court below should have rendered, it is considered that the motion of the defendant to quash the said indictment be, and the same is hereby, overruled, and this cause is remanded to the Circuit Court for further proceedings.

REVERSED. REMANDED.