CHARLEY FLETCHER v. STATE.

No. A-54.    Opinion Filed April 24, 1909.

(101 Pac. 599.)

1.    INTOXICATING LIQUORS—Illegal Sale—Information. **Weston v. Territory,** 1 Okla. Cr. 407, 98 Pac. 360, reaffirmed, and the principles there announced declared to be the settled policy of this court.

2.    INDICTMENT AND INFORMATION—Statutory Offense—Language of Statute. In an indictment or information for committing a statutory offense, the indictment or information may describe the offense in the general language of the statute; but the description must be accompanied by a statement of the particulars essential to constitute the crime or offense with

which the defendant is charged, and acquaint the accused with what he must meet upon the trial.

3.    INTOXICATING LIQUORS—Illegal Sale—Indictment or Information—Alleging Name of Purchaser. An indictment or information for a single sale of intoxicating liquors must allege the name of the person or persons to whom such sale was made. If the names of such persons are unknown, then this fact must be stated. This, however, would not be necessary where the prosecution was for maintaining a nuisance, or for having possession of liquor to be illegally disposed of.

4.    INSTRUCTIONS—Credibility of Accused. It is error for a trial judge to single out the defendant, personally, and instruct the jury upon the credibility of his evidence.

5.    SAME—Credibility of Witnesses. Care should be taken, in instructing juries upon the credibility of witnesses, to make such instructions apply alike to all of the witnesses, whether they are for the prosecution or for the defense.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

Charley Fletcher was convicted of an illegal sale of liquors, and appeals. Reversed and remanded.

On the 19th of June, 1908, an information was filed against Charley Fletcher (hereinafter called the defendant) charging him with unlawfully selling intoxicating liquor. The defendant demurred to the information upon the ground that it did not state facts sufficient to constitute a public offense. This demurrer was by the court overruled, and the defendant reserved an exception. Upon the trial of the cause the defendant was found guilty, and his punishment was assessed by the jury at a fine of $50 and 30 days' confinement in jail. Motions for a new trial and in arrest of judgment were filed and overruled, and the defendant excepted. The case is regularly before us upon appeal.

*S. M. Rutherford* and *Bailey & Kistler,* for appellant.—

On necessity of alleging name of purchaser of liquor: *Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360; Bishop on Statutory Crimes, § 1037; *Bush v. Republic,* 1 Tex. 459; *Burch v. Republic,* 1 Tex. 610; *Dixon v. State* (Tex. App.) 1 S. W. 450;

*Martin v. State,* 46 N. W. 618; *State v. Stamey,* 71 N. C. 202; *State v. Allen,* 32 Iowa, 493; *Alexander v. State,* 29 Tex. 497; *State v. Pischel* (Neb.) 2 N. W. 468; *Wilson v. Com.,* 14 Bush (Ky.) 159; *Com. v. Blood,* 4 Gray (Mass.) 32.

On question of instructing on credibility of particular witness: 2 Thompson on Trial, § 2421; *Calef v. Thomas,* 81 Ill. 483; *McMinn v. Wheelan,* 27 Cal. 319.

*Fred S. Caldwell,* for the State.—

On necessity of alleging in indictment name of purchaser of liquor: The opinion of the court enumerates authorities cited.

On instructing jury relative to credibility of particular witness: *State v. Hartley,* 22 Nev. 342; *Spies et al. v. People,* 122 Ill. 79; *Anderson v. State,* 104 Ind. 467; *Bressler v. People,* 117 Ill. 441.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). The first question that presents itself is the sufficiency of the information, in that it fails to give the name of the person to whom the liquor was sold. In the case of *Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360, this court held that in such cases the information must give the name of the person to whom the sale was made, so that the defendant may know the particular offense charged, and thereby be enabled to prepare his defense. As no one appeared for the state in that case, the counsel for the state in this case has filed a brief in which he claims that the great weight of the authorities are against the conclusion which this court reached in the Weston Case, and we are asked to recede from the opinion there rendered. This court is not only perfectly willing, but is anxious, to correct any errors which it may commit, so we have carefully gone over all the authorities cited by counsel for the state, as well as others of our own selection. We have classified these authorities as follows.:

In the cases of *People v. Adams,* 17 Wend. (N. Y.) 475, and of *State v. Ladd,* 15 Mo. 299, and of *State v. Gummer,* 22 Wis. 441, the defendants were charged with selling liquors to divers unknown persons. It is a fundamental rule of criminal

law that in all cases where the name of a person should be given in an indictment, and the name is unknown, it may be stated in the indictment that such name is unknown, and this will dispense with the necessity of giving the name of such persons in the indictment; otherwise it would be impossible to indict and convict for many crimes.

All exceptions to the general rules of law which are sanctioned and approved by the wisdom and experience of centuries must be strictly followed, or the rules will cease to exist, and we will be involved in confusion and inextricable conflicts as to matters of principle. Under the rule that where a necessary name is unknown that fact may be stated, the indictments in the above-cited cases were sufficient, and the decisions should not be considered as authorities that it is not necessary to include in an indictment or information the names of the parties to whom the liquor was sold. The decisions of courts are not binding as to questions not involved in the cases passed upon. Anything said by a judge in an opinion not responsive to the real questions before the court is purely *obiter dictum* and does not constitute an authority. The case of *Walker v. State,* 89 Ga. 482, 15 S. E. 553, is cited as an authority to support the contention of the attorney for the state. An examination will show the name of the case, the syllabus of an opinion, a statement of the facts of the case, and the names of the counsel who represented the contending parties; but there is no judgment of the Supreme Court, no authorities are cited, and no reasons are given. There is nothing except the bald, unsupported statement contained in the syllabus. We are left utterly in the dark as to the grounds upon which this syllabus rests. This may be an authority in Georgia, but we cannot recognize it as such in Oklahoma. Before we can recognize the decision of any court as authority, we must know and approve the reasons upon which it rests.

The cases of *State v. Whisner,* 35 Kan. 271, 10 Pac. 852, and of *State v. Moseli,* 49 Kan. 142, 30 Pac. 189. are also cited by counsel for the state as authorities in point. In the first-

cited case, on page 275 of 35 Kan., page 855 of 10 Pac., the court said:

"In prosecutions of this character, it is not necessary to state the kind of liquor sold, or the name of the person to whom sold, for the statute expressly and specifically provides that these things need not be stated."

So we see that the omission to state in the indictment the person to whom the liquors were sold was the result of a special statute in Kansas. We have no such statute in Oklahoma. Hence those cases are not applicable.

Counsel cite five decisions from the Supreme Court of Arkansas. An examination of the first Arkansas case cited (*State. v. Parnell,* 16 Ark. 506, 63 Am. Dec. 72) will disclose the fact that in a great number of cases the Supreme Court had held that in indictments for gambling it was necessary to state the names of the persons by whom the game was played, as matters of description of the offense, and that the proof must correspond with this allegation. The Legislature of Arkansas passed a law which dispensed with the necessity of making the allegation in the indictment of the names of the persons who engaged in card playing. Upon analogy the Supreme Court of Arkansas held that this statute was applicable to indictments for selling whisky. We have no such statute in Oklahoma. Therefore the decisions of the Arkansas courts are not authorities on this point.

Counsel cites the case of *State v. Chisnell,* 36 W. Va. 659, 15 S. E. 412, as sustaining his contention. On page 662 of 36 W. Va., page 412 of 15 S. E., that court said:

"The indictment not naming the purchaser gives the defendant no notice of what particular sale is charged against him. He knows this, perhaps, first when the state has proven its case, and then must set about his defense. * * * This would be very oppressive and hurtful to the defendant. Not until the close of the state's evidence of the sales, in many instances numerous, does he know what sales are imputed to him, and he must at once seek evidence from this quarter and that to repel the case made by the prosecution, and often, for want of time, it is utterly out of his power to furnish such evidence. It is hard enough to allow an

indictment wanting that element of certainty most valuable to the defendant as notice of what sale he is called upon to meet, without springing upon him numerous sales, and working serious surprise to the defendant.

"There is also this grave objection to permitting evidence of several sales to be considered by the jury: Part of the jury may think the evidence of one sale sufficient for conviction, while other jurors think it not sufficient, but thinking another sale fully proven the entire jury unite in the opinion that the defendant is at any rate guilty of a violation of law when in fact the entire jury is not agreed that the defendant is guilty of one particular unlawful sale; and so really the defendant has not been lawfully convicted by the concurring judgment of twelve jurors of one and the same single offense. He has been indicted for one offense, tried for many, and convicted of one, but of which one of the many we cannot say. True, we can hardly presume that the jury would be so careless as to return a verdict without the agreement of all upon the same sale; but it is a danger which would exist under such a practice. * * *

"Wharton, in 2 Crim. Law, § 1525, speaking of illicit sales of liquors, says: 'It is erroneous to admit evidence of a greater number of offenses than there are counts, unless to prove *scienter* or *quo animo*. * * *'

"Were it an open question in this state, I should think that the principles of pleading would require that most important feature of the indictment by which to make certain the offense charged, the name of the purchaser, to be given. The reason given for a departure, in this instance, from the usual rule, requiring the act to be specified with legal certainty, is that selling liquors is different from that class of offenses where the act is an injury to third persons, as murder, larceny, etc., in which the name of the person injured must be given, when known, but that in liquor selling no particular person is injured. I conceive, however, that this distinction is immaterial or unimportant, and that it is really a question touching the essential right of the defendant in the prosecution—his right to be informed by the indictment of the particular sale alleged to be unlawful. * * *

"This indictment is for but one offense, but one penalty can be imposed under it. Why should the omission of the name of the purchaser make it an exception to the general rule that under

2 Cr.—20

an indictment of one count but one offense can be proven, and the rule that, where several offenses have been offered in evidence, the prosecution must elect the particular one on which it will rely? It is argued that it would be illogical to require the indictment to contain several similar counts, only to prove more than one offense. The answer is based on old rules of evidence that where there is but one count, but one offense can be proven; where there are several counts, several offenses may be proven. These rules are fundamental and established; they are unchanged. See *Lebkovitz v. State,* 113 Ind. 27, 14 N. E. 363, 597."

We indorse the reasoning of this case, but we do not indorse the action of the court in considering itself bound by precedents which its judgment condemned. We decline to follow any precedents which are not founded upon justice and supported by reason. It is the earnest desire and sole purpose of this court to give to Oklahoma a system of criminal jurisprudence unhampered by ill-considered precedents and free from arbitrary senseless technicalities. We will be guided alone by the justice of those decisions which we adopt and follow. Reason alone will govern our conduct, it matters not how many decisions may be cited to the contrary. In this way only can we faithfully discharge the laborious and important duties of the position which we occupy, and protect the rights of all classes of our people. We cannot, without doing great violence to our consciences, make any distinctions as to persons and classes. We cannot have one rule for one class of cases and another rule for other classes of cases. The same rules must be applicable to all; the same justice and consideration is the right of all. The more prejudice that may exist against a person charged with crime, the greater the necessity for the strict enforcement by the courts of those rules which experience and reason show to be necessary to the protection of the liberties and rights of the people. It is the sworn duty of this court to see that the law is enforced in Oklahoma without distinction as to persons or classes, and we are going to discharge this duty to the best of our ability, let it please or shake whomsoever it may.

Counsel for the state cite: *State v. Miller,* 24 Mo. 532;

*State v. Spain,* 29 Mo. 415; *State v. Fanning,* 38 Mo. 359; *State v. Rogers,* 39 Mo. 432; *State v. Jacques,* 68 Mo. 260. These cases are all based upon the case of *State v. Ladd,* 15 Mo. 299. An examination of Ladd's Case will disclose that the question which we are now considering was not raised by the counsel in that case. The exact language of the Supreme Court, on page 300, is as follows:

"I will first consider the indictment. It charges that the defendant sold intoxicating liquors in a quantity less than a quart, to wit, one pint of whisky, one pint of gin, etc., to divers persons to the jurors unknown, without any license, etc. The only objection made to it rests on the omission to state the price for which the liquor was sold."

If this was the only objection made to the indictment, then this was the only question rightfully before the court, and anything stated by the judge who wrote the opinion with reference to matters not presented is purely *obiter dictum,* and is not in any sense of the word binding as an authority. The decision of the court that it is not necessary to state the price paid for such liquors is correct. The price of liquor sold or given away in no manner affects the crime committed, either as to identity, degree, or punishment, and therefore need not be alleged; but there can be no sale or gift of liquor without a purchaser or receiver. Therefore the existence of such purchaser or receiver is a constituent element of the offense, and the name of such person must be given to describe the offense with which the party is charged. Again, the indictment in this case was good because it stated that the names of the persons to whom the sale was made were unknown. This is always permissible, and would be good in any kind of indictment. The subsequent Missouri cases cited by counsel for the state are all based upon an *obiter dictum* of the judge who wrote the opinion in the Ladd Case. As they all rest upon the same foundation, when it is shown that this foundation is unsound, we cannot consider these cases as authorities in point.

Counsel cite *Cannady v. People,* 17 Ill. 158, and *Rice v. Peo-*

ple, 38 Ill. 435. In *Cannady v. People* is cited *Commonwealth v. Odlin*, 23 Pick. (Mass.) 277. The court says:

"In Massachusetts statutes there are two offenses defined, and different penalties imposed. One against common sellers, or retailers, and the other against persons guilty of a single act, without a license. Where the indictment charged the latter offense, the court held it necessary to charge the time, place, and to a person named, or that the name was unknown. *Commonwealth v. Thurlow*, 24 Pick. (Mass.) 379. But in an indictment against a common seller, etc., it was unnecessary to name the person."

We are at a loss to know why this citation was made. It is directly in conflict with the decision which it claims to be founded upon. We agree fully with what the Massachusetts court says on this subject. It is worthy of note that Cannady's Case was decided by a divided court. This further weakens its force as an authority. Also in Cannady's Case, the indictment alleged that the sale was made to persons whose names were unknown. This destroys the force of the decision because the judge who rendered it went outside of the question submitted to him for decision. In the Rice Case the decision is based alone upon the Cannady Case. We cannot recognize such ill-considered cases as these.

Counsel cite *State v. Heldt*, 41 Tex. 220. This does not support the contention of counsel because the indictment expressly charges that the liquors were sold to persons to the grand jury unknown. Equally unfortunate for the contention of counsel is the citation of *Mansfield v. State*, 17 Tex. App. 468. On page 470, the court said:

"The other cases cited by appellant's counsel in his brief, viz., *Burch v. The Republic*, 1 Tex. 608, and *Alexander v. State*, 29 Tex. 495, were cases arising under statutes regulating the sale of intoxicating liquors, and cannot, we think, be held applicable to the article of the Penal Code under which this indictment was framed, which article creates and describes a very different offense; that is, pursuing any occupation, etc., taxed by law, without first obtaining a license therefor. It is not the sale of intoxicating liquors that constitutes the offense denounced by said article, but it is the act of pursuing a taxable occupation without

obtaining a license therefor. We think the indictment sufficiently alleges this offense, and that the exceptions to the same were properly overruled."

As neither of these cases in any wise touches upon the question now before us, we are at a loss to understand why they are cited.

*State v. Doyle*, 15 R. I. 527, 9 Atl. 900, is also relied upon by counsel for the state. That was not a case for selling liquors, but was a case for maintaining a nuisance. We commend this case as being a correct statement of the law upon the subject of nuisances. It would be well for the county attorneys to follow this case in such prosecutions in this state. We give it our hearty commendation.

*State v. Jordan*, 39 Iowa, 387, is also cited by counsel. The charge in this case is also for maintaining a nuisance. We approve the decision in this case also, except that the indictment would not be good in Oklahoma, because it does not conclude as our Constitution directs. The indictment is as follows:

"The grand jury of the county of Wapello, in the name and by the authority of the state of Iowa, accuse Kinsey Jordan of the crime of nuisance, committed as follows: The said defendant in the state of Iowa, on the 1st day of May, A. D. 1873, in the county aforesaid, did then and there keep a certain house in which he then and there kept for sale and sold intoxicating liquors."

In this case the offense was for keeping intoxicating liquors for sale. It was immaterial as to whether any sales were made. Therefore the words "and sold" were surplusage, and need not be proven.

*United States v. Warwick* (S. C.) 51 Fed. 280, is cited. This is only the individual opinion of the congressional district judge of Alaska, and is altogether unsupported by any line of reasoning. No lawyer will contend that it should be treated as an authority.

*Jordan v. State*, 22 Fla. 529, and *Dansey v. State*, 23 Fla. 317, 2 South. 692, are cited by counsel for the state. In both these cases the defendants were indicted for pursuing the occupation of selling intoxicating liquors without a license. It is one offense to

pursue an occupation, and it is another offense to do a single act. As to the first offense, some courts do contend that it is not necessary to allege the names of the persons to whom sales are made. This position can be defended with some show of reason. The offense is complete when a person professes and holds himself out to the public as being engaged in such an occupation. If a person has in his possession such liquors and offers them for sale, it is not necessary for a single sale to be made or proven; but these reasons do not apply to cases charging a single sale.

*State of Iowa v. Becker,* 20 Iowa, 439, is also cited by counsel. The indictment charges that the defendant in a certain building kept intoxicating liquors for sale and did sell them. The offense charged was for keeping such liquors for sale, and it was therefore not necessary to allege to whom they were sold, neither was it necessary to allege or prove any sale. The words "and did sell" were surplusage. Such evidence would be admissible to prove the main fact, viz., that the liquors were kept for sale. This intention might also be proven by other evidence. This is the substance of the decision relied upon.

Counsel also cite *State v. Kuhn,* 24 La. Ann. 474, and *State v. Brown,* 41 La. Ann. 771, 6 South. 638. These indictments were for retailing spirituous liquors without having first obtained a license. They were for pursuing an unlawful occupation, and not for a single offense. They are therefore not in point.

*State v. Bielby,* 21 Wis. 206, is cited. This indictment is for trafficking in and giving away spirituous liquors without having first obtained a license therefor. Here the occupation of the defendant is the subject of the indictment and not any particular sale.

With one exception, so far as we have been able to find, the cases cited by counsel for the state are in the condition of those above discussed.

The case cited which, upon its face, supports the contention of counsel, is *State v. Farrell,* 30 W. Va. 683, 5 S. E. 155. The court said:

"The indictment, omitting the caption, is in these words:

"The grand jurors of the state of West Virginia, in and for the body of the county of Ritchie, and now attending such court, upon their oaths present that Patrick Ferrell, on the ————— day of June, 1887, in the said county, was a druggist, and as such druggist, at his drug store in the town of Pennsboro, in the county aforesaid, did then and there unlawfully sell alcohol, spirituous liquors and wines, said sale not having been made for medicinal, mechanical or scientific purposes, against the peace and dignity of the state.' "

This was not an indictment for pursuing an occupation without license, but for a special sale. The court did sustain the indictment, although it failed to allege the name of the person to whom the liquor was sold. In its opinion the court said:

"So far from this rule operating with peculiar hardship upon the licensed druggist while engaged in legitimate business, the duties imposed upon him by the statute which confers his peculiar privilege on him, if faithfully performed, secure to him perfect immunity against every groundless prosecution. As a druggist, he has no authority whatever to sell alcohol, spirituous liquors, or wines as a medicine, except the sale be made upon the written prescription of a practicing physician in good standing in his profession, etc., specifying the name of the person, and the kind and quantity of the liquors to be furnished to him, and not 'more than one sale shall be made upon the same prescription.' And the production of such prescription by him at the trial of an indictment against him for the sale of alcohol, spirituous liquor, or wines shall be sufficient to rebut the presumption arising from the proof of such sale, if the jury believes from all the evidence in the case, that the sale was made in good faith, under the belief that such prescription and statement were true."

How could a druggist know what prescription to produce in his defense unless the name of the purchaser is stated in the indictment? The defendant may live at a point distant from the place of trial. After the state has proven the sale to a certain person, would the court stop and allow the defendant to send for his prescriptions? Suppose that the defendant brings all of the prescriptions which he has filled within the time in which the indictment would not be barred by the statute of limitations, must the court stop and be delayed while the defendant is looking for the

prescription? But the evidence might disclose a sale not on a prescription, but one made for sacramental, scientific, or mechanical purposes. What good would the prescriptions do the defendant then? The defendant, not knowing what particular sale he is charged with having made, has been wholly unable to prepare his defense. Will the court stop and wait until the defendant can go out and gather up his witnesses? This line of reasoning does not apply to conditions existing in Oklahoma, because all sales are unlawful here, just as all acts of larceny are unlawful. But who will contend that in a case of larceny the name of the person from whom the theft was committed need not be given in the information?

Counsel in his oral argument before the court earnestly insisted upon three propositions to sustain his contention that it is not necessary to state in an information or indictment for the single sale of intoxicating liquor the name of the person or persons to whom such sale was made, viz.: (1) That if an information or indictment follows and uses the language of the statute creating the offense, it is sufficient. (2) That the date upon which the sale is alleged to have been made sufficiently informs a defendant of the particular offense with which he is charged. (3) That a different rule of pleading applies to those offenses which violate the personal rights of other individuals from those offenses which do not violate the personal rights of others. Counsel admitted that in the first class of cases it was necessary to give the name of the individuals whose personal rights were violated, but insisted that, as to cases where no personal wrong was done to others, this rule, upon principle, would not apply. We will now proceed to consider each of these propositions in the order named.

First. It is a general rule of law that if an indictment uses the words of a statute, or words of equal import, to this extent the indictment or information is good. But suppose that an indictment or information for murder, or for an assault, or for larceny, perjury, libel, embezzlement, or for any offense, would simply

use the language of the statute, who is bold enough to assert that this is all that the law requires, and that such an indictment or information would be sufficient to charge any offense? We dislike to differ from the eminent counsel for the state, but we at least have respectable authority behind us:

"In an indictment for committing an offense against a statute, the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime and to acquaint the accused with what he must meet on trial." (*United States v. Hess,* 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.)

Second. The position that the date of the alleged offense charged in the information or indictment is sufficient to put the defendant upon notice of the particular offense which he is required to meet is equally untenable. Every lawyer knows that time is not the essence of the offense, and only becomes material in connection with the statute of limitations. The state is not bound by the alleged date of the commission of an offense, except that the offense charged must have been committed prior to the filing of the information or indictment, and that any date prior thereto may be proven within the date of the limitations prescribed by statute for the given offense alleged in the indictment or information. It is a travesty upon reason to say that the alleged date of an offense gives the defendant the least notice of "all the particulars essential to constitute the offense or crime and acquaints the accused with what he must meet upon trial." It must be remembered that the Supreme Court of the United States is the highest court of the land. This is the language of that court, which is the most illustrious judicial tribunal on earth, in the case just quoted from, and we are content to accept its conclusions, it matters not how severely they may be criticised. or bitterly denounced by the eminent counsel for the state. The rule thus established is not an arbitrary, senseless, technicality; but is absolutely necessary to the substantial rights of a defendant, and is based upon justice and supported by the soundest reasons.

Third. The contention that different rules of pleading exist as between those offenses which involve an invasion of the personal rights of other persons than the defendant, and those which simply constitute a public offense, is equally unsound. One illustration will demonstrate this to an absolute certainty. If A. is indicted for having suborned a witness to commit perjury in his behalf, in a case against A. for selling whisky, whose personal rights have been invaded? Who will assert that it is not necessary to allege in an indictment for such an offense the name of the witness so suborned, or the substance of such false evidence, or the allegation that it was material to the issues involved?

Again, the contention made is squarely against two provisions in the Bill of Rights of our Constitution:

"Sec. 16. Due Process of Law. Sec. 7. No person shall be deprived of life, liberty, or property without due process of law." (Section 16, Bunn's Constitution of Oklahoma.)

No one will deny that due process of law includes notice of the specific offense charged, and reasonable time in which to prepare to make a defense. Who will contend that this has been done, when the indictment or information does not contain a statement of all the particulars essential to constitute the offense or crime? How can there be a sale or a gift without a purchaser or receiver? Are they not necessary constituent elements of the crime? How can it be said that a defendant has been given reasonable time in which to prepare his defense, when, after the state has introduced its evidence, he learns for the first time the particulars essential to constitute the crime?

But again:

"Sec. 29. Criminal Prosecutions; Change of Venue; to be Confronted with Witnesses. Sec. 20. In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him, and have a copy thereof, and be confronted with the witnesses against him.

and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses." (Section 29, Bunn's Constitution of Oklahoma.)

If an indictment or information does not state the nature and cause of the accusation against the defendant, it is fatally defective. This means substantially the same thing as due process of law. Even if this were an open question, we would be bound by these constitutional provisions.

"In criminal cases the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amendment to Const. U. S. art.. 6, §§134-168. The indictment must set forth the offense with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged, and every ingredient of which the crime is composed must be accurately and clearly alleged. It is an elementary principle of criminal pleading that the indictment must furnish the accused with such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and also to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be had. For these facts are to be stated and set forth in the indictment with reasonable particularity of time, place, and circumstances. *United States v. Cruikshank et al.,* 92 U. S. 542, 23 L. Ed. 588; Cooley's Const. Lim. 374; Wharton's Crim. Plead. & Prac. 153." (*Slover v. Territory of Oklahoma,* 5 Okla. 509, 49 Pac. 1009.)

Again: Section 5358, Wilson's Oklahoma Statutes, is as follows:

"Sec. 5358. The indictment must be direct and certain as it, regards: First. The party charged. Second. The offense charged. Third. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Here is a mandatory provision of our statutes which forces this court to hold all indictments fatally defective which fail to give the particular circumstances of the offense charged, when

they are necessary to constitute a complete offense. The language
of the statute is that as to these matters the indictment must be
direct and certain. As we have hereinbefore said, there can be no
sale without a purchaser, and no gift without a receiver. A sale
or a gift necessarily implies the existence of two or more persons;
neither can be accomplished except under these conditions. The
mere statement of this proposition amounts to its demonstration
to a mathematical certainty. Therefore the existence of such
purchaser or receiver is a constituent element of the offense, and
his or her name must be alleged in the information or indictment,
if known; if not known, that fact must be alleged.

This matter has been before passed upon by this court in
*Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360. We there held
that an indictment for a single gift was fatally defective because
it omitted to allege the name of the parties to whom the intoxica-
ting liquors were given. At the earnest request of the counsel
who represents the state in this case we have gone over this ques-
tion again more fully. The result of this investigation has only
strengthened our confidence in the views there expressed. We
could quote from (not simply cite) well-reasoned cases enough to
fill a volume, sustaining the conclusion at which we arrived in the
Weston Case; but, as we are entirely satisfied with the reasoning
in the Weston Case, and the authorities there quoted from, and as
we have an overwhelming amount of work on our hands, we
will content ourselves with only a few additional quotations.

Bishop on Statutory Crimes, § 1037, says:

"Where the wrong consists of specific sales, the most ready
and apt way of pointing out and identifying the transaction is
to give the names of the persons to whom the sales were made.
And, in the absence of any other adequate identification, such names
should, in principle, be alleged if known, or the fact of their be-
ing unknown should be averred in excuse. Yet there is a good
deal of authority, more in the older cases than in the later ones,
to the proposition that the names are not essential. On the other
hand, it has been even held that a statute dispensing with this al-
legation is unconstitutional and void; and, in one way or another,
the doctrine which requires the name, or the averred excuse for

its omission, is widely maintained. Where the charge is being a common seller, no names of persons to whom sales are made need be set out, for, in this offense, not even instances of sale are required to be averred."

In the case of *Bush v. Republic of Texas*, 1 Tex. 459, will be found the following language:

"It is a general rule that 'the indictment must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it.' 'It is in every case desirable to attend with the greatest nicety to the words contained in the act, for no others can be so proper to describe the crime.' 1 Chit. C. L. 281, 288; 2 Arch. C. L. 47. But if the definition and description embraced in the statute be departed from in any material respect, and any ingredient in the definition of the offense be omitted, the indictment will be bad. 1 Chit. C. L. 281, 288; 2 Arch. C. L. 47."

In the case of *State v. Pischel*, 16 Neb. 608, 21 N. W. 468, the court says:

"It is thought expedient to decide the question suggested without a further hearing, or imposing the expense of printing additional briefs. The first question presented is whether or not it is necessary, in an indictment for selling the prohibited liquors, to allege the name of the person to whom the liquors were sold. To this question we answer, 'Yes.' The statute makes each act of selling a crime. It is proper that that act be so described as to identify it from other acts of a similar kind as near as practicable, and this can be best done by giving the name of the vendee, if known, or, if unknown, so alleged. Bish. St. Crimes, § 1037, and cases cited in note 2. Also, see *State v. Doyle*, 11 R. I. 574."

In the case of *Martin v. State*, 30 Neb. 421, 46 N. W. 618, the same doctrine is laid down, and a great many cases cited to support it. In the case of *State v. Stamey*, 71 N. C. 202, 203, will be found the following language:

"1. It does not set forth the name of any person to whom the liquor was given or sold. The offense charged is highly penal, and in order to defend himself the defendant must know not only the offense charged, but the name of the person upon whom it was committed. A conviction upon this bill could not be pleaded

in bar of another indictment for the same offense. An indictment charging the defendant with selling spirits to slaves is not good unless their names are given. *State v. Blythe,* 18 N. C. 199. So to charge a white man with playing cards with a slave without naming him. *State v. Ritchie,* 19 N. C. 29. The purpose of setting forth the name of the person on whom the offense has been committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have notice of the specific charge and have the benefit of an acquittal or conviction if accused a second time."

In the case of *State v. Allen,* 32 Iowa, 493, will be found the following language:

"If then any of the material facts going to make up the offense be left out of the information, it fails to charge an offense, and no judgment can be rendered thereon upon a verdict of guilty. That the sale was made to some 'other person' is as material as that the thing sold was intoxicating liquor. A sale of intoxicating liquors to some person is the very gist of the offense. The offense can only be defined by charging the person accused with selling intoxicating liquor to another person. The person to whom the liquor has been sold should be named, if known, and, if not known, that fact should be stated. This is necessary to enable the defendant, if convicted or acquitted, to plead such conviction or acquittal in bar of any subsequent prosecution for the same offense. The information in this case is, in these respects, clearly and fatally defective."

In the case of *Alexander v. State,* 29 Tex. 497, 498, it is said:

"In the case of *Burch v. Republic,* 1 Tex. 608, which was a case like the present, this court said: 'It is not sufficient to aver generally that the defendant did vend spirituous liquors in a quantity of a quart and over,' without stating at whose house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction. This is the true principle of the certainty that is required. 'The transaction' of which the party is accused must be identified with reasonable certainty. The indictment, in a case like the present, should name the person to whom the liquor was sold; or, if the name of the person to whom the liquor was sold was unknown to the grand jurors, then other circumstances, tending to identify the transaction should be alleged, so that the accused may know what he will be called

upon to answer, so that, in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense. See the case of *State v. Hanson,* 23 Tex. 232."

In the case of *Wilson v. Commonwealth,* 14 Bush (Ky.) 159, the same doctrine is announced. In the case of *Commonwealth v. Cook,* 13 B. Mon. (Ky) 149, is announced the same doctrine.

In the case of *Commonwealth v. Blood,* 4 Gray (Mass.) 32, the court uses the following language:

"Nothing can be more clear than the duty of the commonwealth to prove the identity of the offense charged in a complaint or indictment, with that on which it seeks to convict the party charged before the jury of trials. The fundamental principles of our government require this as an essential safeguard to the rights and liberty of the citizen. If it were not so, the constitutional privilege of a party, before he is held to answer to an offense, to have it 'fully and plainly, substantially and formally described to him,' and to be secure from arrest until 'the cause or foundation of the warrant be previously supported by oath or affirmation,' might be violated at the pleasure of prosecutors. Such a practice would be also in direct contravention of section 2, c. 135, Rev. St. 1836, which requires that, when a complaint shall be made to a magistrate that a criminal offense has been committed, he shall examine the complainant under oath, and, if it appear that such offense has been committed, he shall issue his warrant reciting the substance of the accusation. These provisions of our Constitution and of the statute are but a declaration and affirmation of the ancient rule of the common law that no one shall be held to answer to an indictment or information unless the crime with which it is intended to charge him is set forth with precision and fullness. Petition of Right, 3 Car. I, § 5; *Regina v. St. George,* 9 Car. & P. 491; *Commonwealth v. Phillips* 16 Pick. (Mass.) 213. So strictly is this held that if an indictment charges a party with committing an offense upon the body or property of a person unknown, and it is made to appear at the trial that the name of the person was in fact known to the grand jury at the time when the indictment was found, the defendant will be entitled to an acquittal. The offense must not only be proved as charged, but it must be charged as proved. Archb. Crim. Pl. (5th Am. Ed.) 36; 1 Chit. Crim. Law, 213;

2 East P. C. 651, 781; *Rex v. Walker,* 3 Camp. 264; *Rex v. Robinson,* Holt N. P. 595."

In *State v. Doyle,* 11 R. I. 575, it is said:

"The complaint is in the usual form. It charges, with the usual negative averments, that on the 28th day of November. A. D. 1876, the defendant 'did unlawfully sell and suffer to be sold, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors and mixed liquors,' etc. The only objection made to the complaint is that it does not state the name of the purchaser, nor state that the sale was to some person to the complainant unknown. The question then is whether such an averment is indispensable. The cases cited for the defendant show that, in several states where the question has arisen, it has been held that the certainty required in criminal pleading makes it necessary to name the purchaser, unless his name is unknown, in which case it is permissible to describe him as some person to the jurors or complainant unknown. *Commonwealth v. Thurlow,* 24 Pick. (Mass.) 374; *Blodget v. State,* 3 Ind. 403; *Capritz v. State of Maryland,* 1 Md. 569; *Dorman v. State,* 34 Ala. 216; *State v. Faucett,* 20 N. C. 239; *State v. Cox,* 29 Mo. 475. The only decision which we find to the contrary of this is *People v. Adams,* 17 Wend. (N. Y.) 475, decided in 1837. The decisions rest on the indisputable right of the accused to be charged specifically, so that he may know beforehand what the particular offense is of which he is accused, and be able to prepare his defense, and so also that he may not be accused of one offense and be tried for another, and, finally, so that the record of his acquittal or conviction may be a good bar in case he is again indicted or complained of for the same offense. It is evident that this right has not been duly respected in the complaint before us. The offense charged is not so identified as to give the defendant certain information of what in particular she was accused, nor so but that she may have been tried for one offense when she was accused of another, totally distinct from it. Her right 'to be informed of the nature and cause of the accusation' is a constitutional as well as a common-law right, and ought to be carefully guarded and maintained. It is true that even naming the purchaser is not always a perfect mode of identification, but it is the approved mode, and it is perhaps as perfect as any that can be devised. In this state the practice is to omit the name. This practice has prevailed for more than a generation. We do not

know that it has ever been questioned. If it has, it has doubtless been sustained. We should be glad if we could sanction it for pending complaints, but we are declaring the law, not simply for pending complaints, but for them and all others after them, and we do not see how, upon either principle or precedent, the practice can be upheld. It is suggested that the objection comes too late. We do not find it so. Ordinarily any defect which is fatal on demurrer is also fatal upon motion in arrest of judgment. 1 Bishop on Crim. Proced. § 1109. In *Capritz v. State of Maryland,* 1 Md. 569, and in *State v. Faucett,* 20 N. C. 107, the objection was taken on motion in arrest of judgment."

In *Wilson v. Commonwealth,* 14 Bush (Ky.) 160, the court said:

"The general charge that a merchant has sold whisky, etc., without a license so to do, without stating to whom the sale was made, is too general, as it does not inform the defendant with reasonable certainty of the offense charged, and the record of conviction would not be a safe reliance against another indictment for the same offense."

In *Dorman v. State,* 34 Ala. 217, the court said:

"The indictment also fails to specify the name of the person to whom the alleged sale was made, or to allege that it was made to any person whatever, and in this particular it is fatally defective. *Francois v. State,* 20 Ala. 84; *Brown v. Mayor of Mobile,* 23 Ala. 722."

In *Martin v. State,* 31 Tex. Cr. R. 28, 19 S. W. 434, the court said:

"A general allegation that the accused sold liquor in contravention of law is too general in its terms to charge this offense. The particular offense, with such circumstances as will identify it, should be alleged; otherwise an accused party would not know what particular sale he is to answer for, and could not be prepared to meet the accusation against him. The allegations charging the offense should be specific enough to enable the accused to plead a judgment of conviction or acquittal thereunder in bar of another prosecution for the same offense. The information should allege the name of the person to whom the liquor was sold, or, if the name of such person is unknown, that fact should be averred."

2 Cr.—21

In *Capritz v. State of Maryland*, 1 Md. 574, the court said:

"The indictment does not mention the name of the person to whom the liquor was sold, but merely avers, that 'he, the said James Capritz, then and there being a regular licensed ordinary keeper, unlawfully exposed for sale, and then and there did sell spirituous liquors, to wit, brandy,' etc. In such an indictment, time is immaterial; that is to say, the particular Sunday is immaterial. If the offense be laid on a Sunday previous to the finding of the indictment, it will be sufficient, and the state will not be called upon to prove the day, in exact conformity with the designation of the indictment. It is essential, however, that the name of the person to whom the liquor was sold should be mentioned. *State v. Nutwell*, 1 Gill (Md.) 54. Unless this be furnished, the party has no means of preparing for his defense. Where the name of the purchaser is unknown to the jurors, he may be described as ' a certain person to the jurors aforesaid unknown.' "

These cases present our fixed conclusion upon this question. We will not have time to go over it again.

2. Upon the trial of this case the court instructed the jury as follows:

"No. 3. The court instructs the jury that the defendant in this case is a competent witness in this case, and you must consider his testimony in arriving at a verdict; but, in determining what weight and credibility you must give to his testimony in making up your verdict, you may take into consideration the fact that he is the defendant in this case and on trial, his interest in the result of the trial, together with any other fact or circumstance of the trial affecting the credit to be given the testimony of any of the witnesses in the case."

A similar instruction was condemned by this court in the case of *Green v. United States*, ante, p. 55, 101 Pac. 112, and that case was reversed in part on this account. The same question came up again before us in the case of *Hendrix v. United States*, ante, p. 240, 101 Pac. 125. The instruction was again condemned, but was held to be harmless error in that case for reasons given in the opinion. We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the

opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general and apply equally to all of the witnesses for the state, and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse. We trust that the courts in Oklahoma will cease to give such instructions in the future; otherwise it will result in the reversal of many convictions, which, but for such instructions, would be affirmed.

For the reasons hereinbefore given, this case is reversed and remanded, with instructions to the county judge of Muskogee county to set aside the verdict of the jury and to sustain the demurrer to the information.

BAKER and DOYLE, JUDGES, concur.