## DAN SINCLAIR v. STATE.

No. A-6791.   Opinion Filed August 17, 1929.
(280 Pac. 317.)

Harry C. Hicks, for plaintiff in error.

C. H. Madden, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Harmon county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $50 and to be confined in the county jail for a period of 30 days.

The defendant claims that the court erred in its action, after refusing to sustain the defendant's demurrer to the information, by permitting the state's attorney to amend the information by inserting the price at which the liquor was sold.

In the case of Gravitt v. State, 44 Okla. Cr. 45, 279 Pac. 968, this court said:

"Where an indictment charged the sale of intoxicating liquor to a certain individual, it is not necessary to allege in the indictment the price at which the liquor was sold. The defendant next contends that the indictment is defective because it did not charge the price at which the liquor was sold. The gist of the offense is the sale of intoxicating liquor, and it is never necessary in an indictment to allege the price for which the liquor was sold. It is sufficient if the evidence offered by the state under a charge of sale shows that a consideration was paid. Fletcher v. State, 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581."

It not being necessary to allege the price at which the liquor was sold, it is immaterial that the court permitted the state to amend the information.

The defendant next contends that the court erred in refusing to grant him a continuance after permitting the state to amend the information. Since the amendment was unnecessary, and was not of the substance of the charge, the refusal of the court to grant the continuance was not error. This court has many times held that the granting or refusing of a continuance in a criminal case is largely a matter within the discretion of the trial court. This court will not reverse a judgment on account of the overruling of a motion for continuance, unless an abuse of discretion is shown.

The defendant next contends that the evidence introduced was inadmissible, for the reason that it was obtained by an unlawful search and seizure. The sheriff testified that he saw the defendant sell four bottles of beer to certain parties, and that when the transaction was completed he arrested the defendant and made the search. Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which is unlawful for him to have, and which may

be used to prove the offense, may be seized and held for evidence in the prosecution.    Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.